Frank L. Tobin CA Bar No. 166344
frank.tobin@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122
Telephone: 858.652.3100
Facsimile: 858.652.3101

Attorneys for Defendant FLOWERS FOODS, INC., FLOWERS BAKING CO. OF CALIFORNIA, LLC, and FLOWERS BAKING CO. OF HENDERSON, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON GORO, an individual; TONY RUSSELL, an individual; REY PENA, an individual; JOSE PENA, an individual; JEFF BELANDER, an individual; GUISEPPE ZIZZO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FLOWERS FOODS, INC., a Georgia corporation; FLOWERS BAKING CO. OF CALIFORNIA, LLC, a California limited liability company; FLOWERS BAKING CO. OF HENDERSON, LLC, a Nevada limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. **'17CV2580 JLS JLB**<br><br>**NOTICE OF DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>*[Filed concurrently with Corporate Disclosure Statement, Declarations of Tyler Schoenewald and Karyl Lauder, and Civil Cover Sheet]*<br><br>Complaint Filed: November 27, 2017<br>Removal Date: December 28, 2017<br>Trial Date: Not Set |

32332277_2.docx

Case No. CaseNumber
NOTICE OF DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant Flowers Baking Co. of Henderson, LLC ("Flowers Henderson" or "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. Sections 1332, 1441, and 1446.  Defendant does so on the grounds that: (1) complete diversity of citizenship exists between plaintiffs Simon Goro, Tony Russell, Rey Pena, Jose Pena, Jeff Belander and Guiseppe Zizzo ("Plaintiffs") and all Defendants; (2) the amount in controversy exceeds the jurisdictional minimum; and (3) the foregoing facts were true when Plaintiffs filed their complaint and remain true as of this filing.

## I.     THE STATE COURT ACTION

1.     On November 27, 2017, Plaintiffs filed a Complaint in the Superior Court of California, County of San Diego, captioned *Simon Goro, et al. v. Flowers Foods, Inc., et al.,* case number 37-2017-00045288-CU-OE-CTL ("Complaint"). Defendant Flowers Baking Co. of California, LLC was served with the Complaint on November 29, 2017.  Defendant Flowers Baking Co. of Henderson, LLC was served with the Complaint on November 29, 2017. Defendant Flowers Foods, Inc. was served with the Complaint on December 4, 2017.  The Complaint does not address the amount in controversy or the amount of damages sought. A true and correct copy of the Complaint and other documents served on Defendants is attached to this Notice of Removal ("Notice") as **Exhibit A.**

2.     On December 26, 2017 Defendants timely filed their answer to the complaint in San Diego Superior Court.  A true and correct copy of Defendants' answer to the Complaint is attached as **Exhibit B**.

/ / /

/ / /

/ / /

32332277_2.docx

1                                                                 Case No.
NOTICE OF DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

## II. REMOVAL IS TIMELY

1. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). This Notice of Removal is timely in that Defendants were allegedly originally served with copies of the Complaint on November 29, 2017 and December 4, 2017, respectively, which are within the 30-day statutory period for filing this removal 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(3)(A) (Time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday.).

2. The consent of fictitious "Doe" defendants is not required because they have not been served. Thus, the Defendants are the only parties who must consent to removal and all defendants whose consent is required have consented to this removal.

## III. VENUE

1. The Superior Court of California, County of San Diego, is located within the territory of the Southern District of California. Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. §84(d) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## IV. BASIS FOR REMOVAL

2. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Defendants may remove it to this Court pursuant to 28 U.S.C. § 1441. This case is between citizens of different states, and the amount in controversy exceeds $75,000.

### A. Diversity of Citizenship Requirement is Established.

3. For purposes of diversity, an individual is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place he resides with the intention to

remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

4. Plaintiffs allege that at all relevant times they resided in the County of San Diego in California, which is located in San Diego County California. (Complaint ¶¶7-12.) Accordingly, Plaintiffs are, and were at the time they filed this action, domiciled in and citizens of the State of California for purposes of this removal. Defendant alleges Plaintiffs are not citizens of Georgia.

5. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has established that a corporation's principal place of business for purposes of diversity jurisdiction "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id*.

6. Defendant Flowers Foods, Inc. is, and at all times relevant to this action was, incorporated in the State of Georgia. (Declaration of Karyl Lauder ("Lauder Decl." ¶2.) Further, Flowers Foods Inc.'s headquarters—which is its center of direction, control, and coordination—is also in the State of Georgia. (*Id.*) For the purposes of federal diversity jurisdiction, Flowers Foods, Inc. is a citizen of the State of Georgia, and not of the State of California.

7. The citizenship of a limited liability company for diversity jurisdiction purposes is the citizenship of its members. *See Fadal Machining Ctrs., LLC v. Mid-Atlantic CNC, Inc.*, 464 Fed. Appx. 672, 673 (9th Cir. 2012) ("For purposes of diversity jurisdiction, a limited liability corporation is a citizen of all states where its members are citizens."); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every

32332277_2.docx

3   Case No.
NOTICE OF DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

state of which its owners/members are citizens."); *Cebrian v. Robert H. Ballard Rehab. Hosp.*, ED CV 13-2149 PA (FFMx), 2013 U.S. Dist. LEXIS 173184, at *2-3 (C.D. Cal. Dec. 6, 2013) (collecting cases); *Long v. Forty Niners Football Co. LLC*, No. C-13-2919 EMC, 2013 U.S. Dist. LEXIS 152438, at *5-6 (N.D. Cal. Oct. 23, 2013) (noting that to determine citizenship of an unincorporated entity the citizenship must be traced up through the layers of partners or members); *see also Hicklin Eng'g., L.C. v. Bartell,* 439 F.3d 346, 348 (7th Cir. 2006) (noting that to determine an LLC's citizenship "[a] federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships.").

8. Flowers Baking Co. of California, LLC's only member is Flowers Bakeries, LLC; Flowers Bakeries, LLC's only member is Flowers Foods, Inc., and Flowers Foods, Inc. is headquartered and incorporated in the State of Georgia (Lauder Decl. ¶4.) Flowers Baking Co. of Henderson, LLC's only member is Flowers Bakeries, LLC; Flowers Bakeries, LLC's only member is Flowers Foods, Inc., and Flowers Foods, Inc. is headquartered and incorporated in the State of Georgia (Lauder Decl. ¶3.) Consequently, Flowers Baking Co. of California, Flowers Baking Company of Henderson, and Flowers Foods, Inc. are citizens of the State of Georgia for diversity purposes, not the State of California.

9. For the purposes of removal, courts disregard the citizenship of fictitiously named "doe" defendants. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.")

10. Here, complete diversity of citizenship exists between Plaintiffs and all Defendants.

### B.   The Amount-in-Controversy Requirement is Satisfied.

11. Based on Plaintiffs' allegations, the amount in controversy exceeds the sum or value of $75,000, excluding interest and costs. The Complaint does not

32332277_2.docx

4   Case No.
NOTICE OF DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

1  allege a damage amount as to each claim.  However, Removal is proper because, based on the allegations of the Complaint, although disputed by Defendants, it is more likely than not that the damages sought in connection with Plaintiffs' eight (8) causes of action exceed $75,000.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  ***In applying these tests, the court must consider all recoverable damages, including damages for emotional distress, punitive damages, and attorneys' fees authorized by statute***.  *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Anthony v. Security Pacific Financial Services*, 75 F.3d 311, 315 (7th Cir. 1996).

12.  Here, Plaintiffs' Complaint seeks compensatory damages, enhanced damages, liquidated damages, penalties permitted under California law, waiting time penalties pursuant to Labor Code section 203, disgorgement of monies which Defendants have allegedly illegally gained, restitution, injunctive relief, pre-judgment interest, costs of suit, reasonable attorneys' fees and such other and further relief as this court may deem just and proper.  (*See* Complaint, Page 14, line 17 through Page 15, line 2.)

13.  Based on the allegations in the Complaint, Defendants' conservative, good faith estimate of the amount in controversy is well in excess of $75,000.

14.  Plaintiffs are among other things seeking causes of action for unlawful deductions from wages (sixth cause of action) and failure to indemnify for necessary expenditures (seventh cause of action) against the Defendants from when they entered into Distributor Agreements in 2013 to the present.  (*See* Complaint, Page 11, line 14 through page 12, line 23.)  These Plaintiffs authorize Flowers Henderson to deduct certain business expenses from the amounts received from Flowers.  These business expenses include stale adjustment, territory payments, truck lease, truck/bus insurance, health insurance, warehouse rent, administrative fee, PBS shrink charges and HH equipment.  From 2013 to the present, Mr. Belander's distributorship has

32332277_2.docx

5                                                                                                  Case No.
NOTICE OF DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT

1 had $108,701.19 in business expenses deducted.  From 2013 to the present, Mr. Zizzo's distributorship has had $158,571.24 in business expenses deducted.  From 2013 to the present, Mr. Rey Pena's distributorship has had $102,710.48 in business expenses deducted.  From 2013 to the present, Mr. Jose Pena's distributorship has had $142,362.25 in business expenses deducted.  From 2013 to the present, Mr. Russell's distributorship has had $180,828.81 in business expenses deducted.  From 2013 to the present, Mr. Goro's distributorship has had $178,268.38 in business expenses deducted. (Declaration of Tyler Schoenewald ("Schoenewald Decl.") ¶8.) Accordingly, although disputed by Defendants, the amount in controversy on the sixth and seventh causes of action alone for each Plaintiff exceeds $75,000.

15. Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

16. Accordingly, based on a good faith estimate of the amount in controversy asserted on the face of the Complaint,[1] based on the sixth and seventh causes of action alone, it is "more likely than not" that the amount in controversy in this lawsuit exceeds the minimum amount required for diversity jurisdiction. *See, e.g.*, *Sanchez*, 102 F.3d at 404; *Simmons v. PCR Technology*, 209 F. Supp.2d 1029, 1031-1035 (N.C. Cal. 2002) (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees and punitive damages, was

---

[1] Defendants dispute Plaintiffs' allegations.

32332277_2.docx

6                                                                 Case No.
NOTICE OF DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction, even though Plaintiff had only specified $13,000 in damages from lost income at the time of removal).

17. This Court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and 1441, on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interest and costs.

18. As 28 U.S.C. § 1446(a) requires, copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits A and B to this Notice.

## V. ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

19. As 28 U.S.C. § 1446(b)(3) requires, Defendant's Notice was filed within thirty (30) days after Defendants were served with a copy of Plaintiffs' Complaint.

20. As 28 U.S.C. § 1446(d) requires, Defendant will provide notice of this Removal to Plaintiffs via its attorneys of record.

21. As 28 U.S.C. § 1446(d) further requires, Defendant will file a copy of the original Notice of Removal with the Clerk of the Superior Court of California, County of San Diego and the Clerk of the Southern District of California. True and correct copies of the Notice to the Plaintiffs and the state court shall be filed promptly.

## VI. CONCLUSION

22. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

/ / /
/ / /
/ / /
/ / /
/ / /

32332277_2.docx

7   Case No.
NOTICE OF DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

If this Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause, so Defendant may submit a more detailed brief and/or explanation outlining the bases for removal.

DATED: December 28, 2017     OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Frank L. Tobin
Frank L. Tobin
Attorneys for Defendant FLOWERS FOODS, INC., FLOWERS BAKING CO. OF CALIFORNIA, LLC, and FLOWERS BAKING CO. OF HENDERSON, LLC

32332277.2

32332277_2.docx