# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FLOWERS FOODS, INC., a Georgia corporation . . .
[Please see Attachment to Summons.]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SIMON GORO, an individual . . .
[Please see Attachment to Summons.]

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/27/2017** at 03:23:17 PM

Clerk of the Superior Court
By Marivel Martinez-Frengel, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be elig ble for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hall of Justice

330 West Broadway
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2017-00046288-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NICHOLAS & TOMASEVIC, 225 Broadway, 19th Floor, San Diego, CA 92101 (619) 325-0492

| DATE: 11/28/2017 | Clerk, by | M. Martinez-Frengel | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* FLOWERS FOODS, INC., a Georgia corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412 20, 465
*www.courtinfo.ca.gov*

Exhibit A, Page 1 of 24

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Simon Goro, et al. v. Flowers Foods, Inc., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

FLOWERS BAKING CO. OF CALIFORNIA, LLC, a California limited liability company; FLOWERS BAKING CO. OF HENDERSON, LLC, a Nevada limited liability company; and DOES 1 through 100, inclusive.

Page __1__ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit A, Page 2 of 24

SUM-200(A)

| SHORT TITLE:<br>Simon Goro, et al. v. Flowers Foods, Inc., et al. | CASE NUMBER: |
| --- | --- |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[✔] Plaintiff  [ ] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

TONY RUSSELL, an individual; REY PENA, an individual; JOSE PENA, an individual; JEFF BELANDER, an individual; GUISEPPE ZIZZO, an individual.

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/27/2017** at 03:23:17 PM

Clerk of the Superior Court
By Marivel Martinez-Frengel,Deputy Clerk

1 **NICHOLAS & TOMASEVIC, LLP**
  Craig M. Nicholas (SBN 178444)
2   Alex Tomasevic (SBN 245598)
  Lacy Wells (SBN 306496)
3 225 Broadway, 19th Floor
  San Diego, California 92101
4 Tel: (619) 325-0492
  Fax: (619) 325-0496
5 Email: cnicholas@nicholaslaw.org
  Email: atomasevic@nicholaslaw.org
6 Email: lwells@nicholaslaw.org

7 Attorneys for Plaintiffs

8

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10          **IN AND FOR THE COUNTY OF SAN DIEGO**

11 SIMON GORO, an individual; TONY         Case No.  37-2017-00045288-CU-OE-CTL
   RUSSELL, an individual; REY PENA, an
12 individual; JOSE PENA, an individual; JEFF   **COMPLAINT FOR:**
   BELANDER, an individual; GUISEPPE
13 ZIZZO, an individual,                    **(1)  FAILURE TO COMPENSATE FOR
                                                 ALL HOURS WORKED**
14            Plaintiffs,
                                           **(2)  FAILURE TO PAY OVERTIME
15        vs.                                    PREMIUM PAY;**

16 FLOWERS FOODS, INC., a Georgia          **(3)  WAITING-TIME PENALTIES;**
   corporation; FLOWERS BAKING CO. OF
17 CALIFORNIA, LLC, a California limited    **(4)  FAILURE TO PROVIDE
   liability company; FLOWERS BAKING CO.        ACCURATE WAGE
18 OF HENDERSON, LLC, a Nevada limited          STATEMENTS;**
   liability company; and DOES 1 through 100,
19 inclusive;                              **(5)  FAILURE TO PROVIDE MEAL
                                                 PERIODS;**
20            Defendants.
                                           **(6)  UNLAWFUL DEDUCTIONS FROM
21                                               WAGES;**

22                                         **(7)  FAILURE TO INDEMNIFY FOR
                                                 NECESSARY EXPENDITURES;**
23
                                           **(8)  VIOLATIONS OF BUSINESS AND
24                                               PROFESSIONS CODE §§ 17200 *ET
                                                 SEQ.***
25
                                           **DEMAND FOR JURY TRIAL**
26

27

28

COMPLAINT

1       Plaintiffs Simon Goro, Tony Russell, Rey Pena, Jose Pena, Jeff Belander, and Guiseppe
2 Zizzo (collectively "Plaintiffs") allege, on information and belief, as follows:

3           **I.**    **INTRODUCTION**

4     1.    Plaintiffs are current employees who worked as distributors for Defendants'
5 Flowers Foods, Inc., Flowers Baking Co. of Henderson, LLC, and Flowers Baking Co. of
6 California, LLC. Plaintiffs bring this action for violation of California's Labor Code, Industrial
7 Wage Commission ("IWC") Wage Orders, and Unfair Competition Law ("UCL"), Bus. & Prof.
8 Code § 17200, *et seq*.

9     2.    Plaintiffs perform delivery services for Defendants, including, but not limited to,
10 delivery and merchandising services to Defendants' customers of baked goods manufactured or
11 sold by Defendants. Plaintiffs are compensated on a piece rate basis. As such, their pay depends
12 on the number and type of baked goods delivered and sold. Plaintiffs are required to pick up
13 baked goods six days a week at Defendants' warehouse and deliver them to Defendants'
14 customers regardless of profitability. This results in nonproductive time, during which
15 Defendants pay nothing to Plaintiffs. This includes failing to pay for rest breaks, a compensable
16 unit of nonproductive time under California law.

17     3.    Defendants' misclassify Plaintiffs as independent contractors, rather than
18 employees. Plaintiffs regularly work seven days per week and 55-75 hours per week (depending
19 on their route). As a result of Defendants' misclassification, various California Labor Laws are
20 violated, such as sections calling for overtime premium pay, meal periods, accurate wage
21 statements, indemnification for reasonable and necessary business expenses, and prohibiting
22 unlawful wage deductions.

23     4.    Defendants' employment practices are unfair to their employees and competitors.
24 Plaintiffs bring this complaint for recovery of wages, penalties, and unjust gains realized by
25 Defendants.

26           **II.**    **JURISDICTION AND VENUE**

27     5.    The amount in controversy is sufficient to implicate the general jurisdiction of the
28 Superior Court of San Diego.

Exhibit A, Page 5 of 24

1      6.     Based on information and belief, and records maintained pursuant to the

2  California Secretary of State, Venue is proper in this judicial district, pursuant to the Code of

3  Civil Procedure Sections 395 and 395.5. This Complaint is based upon material acts which

4  occurred in San Diego County.

5

**III.    THE PARTIES**

6      7.     Plaintiff Simon Goro is, and at all times herein mentioned was, an individual

7  residing in the County of San Diego, California.  Mr. Goro was and is employed by and works

8  for Defendants as a distributor in the State of California, County of San Diego. Mr. Goro was

9  employed by Defendants from approximately October 14, 2013, through Fall 2016, and again

10  from September 26, 2016, to present.

11      8.     Plaintiff Tony Russell is, and at all times herein mentioned was, an individual

12  residing in the County of San Diego, California.  Mr. Russell is employed by and works for

13  Defendants as a distributor in the State of California, County of San Diego. Mr. Russell has been

14  employed by Defendants from approximately April 15, 2013, through present.

15      9.     Plaintiff Jose Pena is, and at all times herein mentioned was, an individual

16  residing in the County of San Diego, California.  Mr. J. Pena is employed by and works for

17  Defendants as a distributor in the State of California, County of San Diego. Mr. J. Pena has been

18  employed by Defendants from approximately June 24, 2013, through present.

19     10.    Plaintiff Rey Pena is, and at all times herein mentioned was, an individual

20  residing in the County of San Diego, California.  Mr. R. Pena is employed by and works for

21  Defendants as a distributor in the State of California, County of San Diego. Mr. R. Pena has been

22  employed by Defendants from approximately June 24, 2013, through present.

23     11.    Plaintiff Jeff Belander is, and at all times herein mentioned was, an individual

24  residing in the County of San Diego, California.  Mr. Belander is employed by and works for

25  Defendants as a distributor in the State of California, County of San Diego. Mr. Belander has

26  been employed by Defendants from approximately March 18, 2013 through present.

27     12.    Plaintiff Giuseppe Zizzo is, and at all times herein mentioned was, an individual

28  residing in the County of San Diego, California.  Mr. Zizzo is employed by and works for

1  Defendants as a distributor in the State of California, County of San Diego. Mr. Zizzo has been

2  employed by Defendants from approximately April 8, 2013, through present.

3      13.    Defendant Flowers Baking Co. of California, LLC is a limited liability company

4  formerly organized and existing under and by virtue of the laws of the State of California. It does

5  and/or did business in the County of San Diego. Upon information and belief, Flowers Baking

6  Co. of California is a wholly owned subsidiary of Flowers Foods, Inc.

7      14.    Defendant Flowers Baking Co. of Henderson, LLC is, and at all times mentioned

8  was, a limited liability company organized and existing under and by virtue of the laws of the

9  State of Nevada, and doing business in the County of San Diego. Upon information and belief,

10  Flowers Baking Co. of Henderson is a wholly owned subsidiary of Flowers Foods, Inc.

11      15.    Defendant Flowers Foods, Inc., is a Georgia corporation with its principal place of

12  business in Thomasville, Georgia. Flowers Foods is a corporation whose business consists of

13  distributing baked goods to retail customers, using a centralized network of communication,

14  distribution, and warehousing facilities. Some of Flower Food's bakeries and several of its

15  warehouses are operated by Defendants Flowers Baking Co. of Henderson, LLC and Flowers

16  Baking Co. of California, LLC.

17      16.    Flowers Baking Co. of California, LLC, Flowers Baking Co. of Henderson, LLC,

18  and Flowers Foods, Inc. are part of the Flowers enterprise (collectively referred to as

19  "Defendants" and/or "Flowers"). Flowers hired Plaintiffs as distributors, whom they unilaterally

20  classified as independent contractors, to deliver and stock baked goods from their San Diego

21  warehouses to their retail customers. Flowers jointly employed Plaintiffs as distributors in

22  Southern California.

23      17.    Plaintiffs do not know the true names and/or capacities, whether individual,

24  partners, or corporate, of the defendants sued herein as DOES 1 through 100, inclusive, and for

25  that reason sues said defendants under fictitious names. Plaintiffs will seek leave to amend this

26  Complaint when the true names and capacities of these defendants have been ascertained.

27  Plaintiffs are informed and believe and thereon allege that these defendants are responsible in

28  whole or in part for Plaintiffs' alleged damages.

---

4<br>COMPLAINT

1    18.    At all times mentioned, defendants were the agents, alter egos, servants, joint

2  venturers, joint employers, employees, common enterprises, predecessors, subsidiaries, affiliates,

3  parents, officers, or directors for and/or of each other. Defendants acted with the consent of the

4  other co-defendants and acted within the course, purpose, and scope of their agency, service,

5  employment, or other relationship. All conduct was ratified by defendants, and each of them.

6                           **IV.    GENERAL ALLEGATIONS**

7    19.    Flowers ships baked goods to warehouses within its network. Distributors, such as

8  Plaintiffs, arrive at their designated warehouse early in the morning (i.e. around 4:00 a.m.) and

9  load their trucks with Flowers' baked goods. Plaintiffs then deliver the baked goods to Flowers'

10 customers at the time and place specified by agreements Flowers exclusively negotiated.

11   20.    Flowers required each Plaintiff to sign a distribution agreement, designating them

12 as independent contractors. But the existence of a written agreement purporting to establish an

13 independent contractor relationship is not determinative. (*S.G. Borello & Sons, Inc. v Dept. of*

14 *Industrial Relations* (1989) 48 Cal.3d 341, 349.) In fact, many of the Labor Code violations

15 alleged here cannot be waived by an agreement with the employee. (See Lab. Code, §§ 510, 512

16 1194, 2802, 2804.)

17   21.    The determining factor as to whether distributors are employees or independent

18 contractors under the California Labor Code is not the distributors' election, subjective intent, or

19 any contract. (See *Rutherford Food Corp. v. McComb* (1947) 331 U.S. 722, 727; *Real v. Driscoll*

20 *Strawberry Associates, Ltd.* (9th Cir. 1979) 603 F.2d 748, 755.) Any contract which attempts to

21 have workers waive, limit, or abridge their statutory rights to be treated as an employee under the

22 California Labor Code is void, unenforceable, unconscionable, and contrary to public policy.

23 Despite this, Flowers unfairly, unlawfully, and unconscionably attempts to coerce distributors to

24 waive their California Labor Code rights and elect to be treated as independent contractors.

25 Flowers threatens to penalize distributors if they assert their California Labor Code rights, for

26 example threats to termination of their routes, contract terms for indemnification for attorney's

27 fees, and other financial penalties, among other adverse conditions and retaliations.

28

22. Flowers' misclassification of distributors as independent contractors is intentionally and willfully designed to deny distributors their fundamental rights as employees and enhance Flowers' profits. Flowers knows that its distributors perform the same essential job duties, yet continue to misclassify them as independent contractors. Flowers has previously been sued on at least two separate occasions for identical misclassification. (See *Martinez, et al. v. Flowers Foods, Inc., et al.* (9th Cir., No. 16-56327, app. pending.); *Rehberg, et al. v. Flowers Foods, Inc., et al.* (W.D. N.C., 3:12-cv-00596-MOC-DSC).)

23. The distribution agreement between Flowers and Plaintiffs have no specific end date and can be terminated by either party at any time with limited notice. The employment relationship between Plaintiffs and Flowers is at-will.

24. Flowers markets its baked good products to various retailers, including big-box stores to local markets to regional grocery stores to restaurant chains. Flowers exclusively negotiates with the customers, setting all material terms of the relationship such as prices for various baked goods (including promotional pricing), service and delivery agreements, shelf and display space, baked good selection (including customer's store brand baked good), and print advertisements for baked goods. The result of this is that Plaintiffs' ability to earn income is tied directly to the sales price Flowers negotiates and which customers Flowers agrees to work with, all of which is outside of their control. Flowers will not permit Plaintiffs to negotiate sales prices with prospective customers, discount prices set by Flowers, discontinue servicing unprofitable customers, or to even wrap their own vehicles with third-parties' marketing materials. Plaintiffs' ability to generate profit is completely dependent on Flowers.

25. Plaintiffs must strictly follow Flowers' instructions and adhere to the pricing, policies, and procedures negotiated between Flowers and their customers. Plaintiffs are required to use Flowers' warehouses to load and return baked goods, yet are charged a fee to do so. Plaintiffs are required to use Flowers' hand-held computer to log deliveries and create orders, Flowers bills their customers using the data entered into the computer by Plaintiffs. Flowers charges a fee to Plaintiffs for use of their required hand-held computer. Flowers also maintains the ability to manipulate the size of the orders, and regularly increases the orders placed by

1  Plaintiffs. This often leads to increased stale baked goods, which means a higher "charge back"

2  unless Flowers voluntarily agrees to increase the permissible stale amount.

3       26.    Flowers requires Plaintiffs to place orders at least five days per week, take

4  inventory count on Fridays or Saturdays each week, remove stale or rejected product and

5  organize Flowers's customer's shelves every day. If Flowers is running a sale or promotion,

6  Plaintiffs are required to construct and stock promotional displays. Flowers unilaterally sets the

7  percentage it is willing to buy-back before a "charge back" is assessed on Plaintiffs. Flowers

8  covers the first 15-20% of stale baked goods returned.

9       27.    Flowers exclusively retains and exercises the following rights:

10           (a)    To negotiate the price for purchase and resale of baked goods;

11           (b)    To designate the size and area of Plaintiffs' routes;

12           (c)    To negotiate shelf space in the customers' locations within Plaintiffs'

13                  routes;

14           (d)    To establish sales and promotions;

15           (e)    To require Plaintiffs to follow negotiated prices and established

16                  promotions;

17           (f)    To change orders placed by Plaintiffs, to require them to pay for baked

18                  goods they did not order, load the goods on their trucks, deliver the goods,

19                  and return the stale baked goods to the warehouse for credit;

20           (g)    Bill Plaintiffs for baked goods they did not order or attempt to distribute;

21           (h)    Charge Plaintiffs for stale baked goods but require the goods be returned

22                  to Flowers for resale to a discount store;

23           (i)    To add delivery stops and/or customers to Plaintiffs' routes despite

24                  profitability;

25           (j)    To negotiate all contracts with prospective customers;

26           (k)    To handle customer complaints and implement disciplinary action against

27                  Plaintiffs;

28

(l)      To unilaterally discipline Plaintiffs, up to and including termination for taking time off work, refusing to service specific customers, refusing to incorporate, or wrapping their vehicle in an attempt to increase profits, among others;

(m)      To withhold pay for expenses;

(n)      To unilaterally vary the standards, guidelines, operating procedures, products, and customer contracts; and

(o)      Other terms Flowers published via memorandum without input from Plaintiffs.

28.      Plaintiffs' job duties do not require specialized skills. Plaintiffs are required to abide by Flowers' policies and service the routes set by Flowers. Plaintiffs are required to pick-up, deliver, and place orders for baked goods five days per week. The other two days each week, Plaintiffs are required to service Flowers' big box retail customers, pulling stale baked goods and organizing the shelves pursuant to the terms Flowers negotiated. Plaintiffs have no specialized training or qualifications, but are integral to Flowers's distribution enterprise. Plaintiffs work, on average, a total of 55-75 hours per week (depending on their route).

29.      As a result of the misclassification, Plaintiffs were denied the rights and benefits of employment, including overtime wages, payment for all time worked, rest and meal periods, accurate wage statements, indemnification for expenses, protection from unlawful wage deductions, among others.

### V.      FIRST CAUSE OF ACTION

**(Failure to Compensate For All Hours Worked)**

**(By Plaintiffs Against All Defendants)**

30.      Plaintiffs incorporate by reference each and every allegation contained above.

31.      California law requires Defendants to compensate Plaintiffs for all hours worked, including nonproductive time. This is a separate obligation from paying piece rate compensation.

32.      Defendants did not separately compensate Plaintiffs for rest periods, to the extent they were taken, or other nonproductive time as required. Nonproductive time includes, but is not

1   limited to, time spent at the warehouse organizing and loading baked goods, time spent traveling

2   between Defendants' retail-customers' stores, time spent completing paperwork and placing

3   orders, and time spent on displays that do not result in sales and/or result in a "charge-back" (no

4   net payment received).

5        33.   As a proximate result of Defendants' unlawful conduct, Plaintiffs sustained

6   damages and are entitled to recover unpaid wages, liquidated damages, interest, applicable

7   penalties, attorney's fees, and costs.

8               **VI.**    **SECOND CAUSE OF ACTION**

9               **(Failure to Provide Overtime Premium Pay)**

10              **(By Plaintiffs Against All Defendants)**

11        34.   Plaintiffs incorporate by reference each and every allegation contained above.

12        35.   Under California law, employees are entitled to premium pay of not less than one

13   and one-half times their regular rate for hours worked in excess of eight hours in a day, forty in a

14   week, and on the seventh consecutive day.

15        36.   Plaintiffs regularly worked over eight hours in a day, forty hours in a week, and

16   for seven consecutive days, yet Defendants failed to provide overtime premium pay for such

17   hours.

18        37.   As a proximate result of Defendants' unlawful conduct, Plaintiffs sustained

19   damages and are entitled to recover unpaid overtime wages, liquidated damages, interest,

20   applicable penalties, attorney's fees, and costs.

21              **VII.**    **THIRD CAUSE OF ACTION**

22                 **(Waiting Time Penalties)**

23          **(By Plaintiff Simon Goro Against All Defendants)**

24        38.   Plaintiff Simon Goro incorporates each and every allegation contained above.

25        39.   By failing to compensate Plaintiff Simon Goro for all hours worked, failing to

26   adequately compensate for meal and rest breaks, failing to pay overtime premium pay, illegally

27   deducting from wages, failing to reimburse for necessary business expenses, and the like,

28

1  Defendants have and continue to violate California law which requires payment of full wages

2  when due.

3      40.    Defendants' willful failure to make timely payment of full wages due is a

4  violation of Labor Code Sections 201, 202 and 203, entitling Plaintiff Simon Goro to recover

5  waiting time penalties.

6      41.    Plaintiff Simon Goro is entitled to recover waiting time penalties and unpaid

7  wages along with interest, applicable penalties, attorney's fees, and costs.

8                  **VIII.  FOURTH CAUSE OF ACTION**

9               **(Failure to Provide Accurate Wage Statements)**

10                     **(By Plaintiffs Against All Defendants)**

11      42.    Plaintiffs incorporate each and every allegation contained above.

12      43.    Employers must furnish employees with accurate, itemized wage statements at the

13  time of payment of wages. These statements must show detailed information, including but not

14  limited to, each hour worked, each wage rate applied, hours of compensable rest and recovery

15  periods, and total hours of nonproductive time as well as the rate of compensation. This ensures

16  employees are able to determine whether or not they are being paid wages in accordance with

17  California law.

18      44.    Defendants knowingly and intentionally violated their duty to provide accurate

19  wage statements by failing to provide earnings statements which accurately document hours

20  worked, wage rate applied, hours of compensable rest and recovery periods, and total hours of

21  nonproductive time along with the rate of compensation, among other shortcomings. Because

22  Plaintiffs were not aware of what their true wages should have been and how such wages were

23  calculated, they suffered economic loss in the form of lower wages for their labor.

24      45.    Plaintiffs are entitled to and seek injunctive relief requiring Defendants to comply

25  with Labor Code section 226, and relevant subsections, among other provisions. Plaintiffs are

26  also entitled to and seek actual and statutory damages available for such violations under Labor

27  Code section 226, and relevant subsections, as well as interest, costs, and attorneys' fees.

28

## IX.   FIFTH CAUSE OF ACTION

### (Failure To Provide Meal Periods)

### (By Plaintiffs Against All Defendants)

46.     Plaintiffs incorporate each and every allegation contained above.

47.     Under California law, employers must provide a thirty-minute uninterrupted, off-duty meal period for each shift of qualifying duration. Where a meal period is not provided, employees are entitled to one hour's compensation at their regular rate of pay.

48.     Plaintiffs regularly worked shifts of qualifying duration. However, Defendants made no arrangements for and did not allow uninterrupted, off-duty meal periods, and did not provide compensation in lieu.

49.     As a proximate result of Defendants' unlawful conduct, Plaintiffs sustained damages and are entitled to recover unpaid wages, liquidated damages, interest, applicable penalties, attorney's fees, and costs.

## X.   SIXTH CAUSE OF ACTION

### (Unlawful Deductions From Wages)

### (By Plaintiffs Against All Defendants)

50.     Plaintiffs incorporate each and every allegation contained above.

51.     California prohibits deducting wages from employees for mistakes in their work or other non-malicious conduct. The IWC provides that the only circumstances under which an employer can make a deduction from an employee's wage are due to cash shortage, breakage, or loss of equipment if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

52.     Plaintiffs were subject to "charge-backs" for stale baked goods (despite Defendants unilaterally increasing order amounts), rejected baked goods, stolen baked goods (*i.e.*, inventory shortage), and other things. Defendants then go on to resell the stale baked goods directly to discount retailers, recuperating the costs, but do not reimburse Plaintiffs for recuperated "charge-backs." Plaintiffs were also subject to distribution rights, which Defendants required in order for Plaintiffs' to work their routes. Defendants also deduct expenses associated

1   with computer equipment, administrative support, warehouse space, open inventory, insurance,

2   financing, temporary service fees, directly from Plaintiffs' wages.

3      53.    As a proximate result of Defendants' unlawful conduct, Plaintiffs sustained

4   damages and are entitled to recover in the amount of these "charge-backs" and other fees,

5   liquidated damages, interest, applicable penalties, attorney's fees, and costs.

6                        **XI.    SEVENTH CAUSE OF ACTION**

7                 **(Failure to Indemnify for Necessary Expenditures)**

8                        **(By Plaintiffs Against All Defendants)**

9      54.    Plaintiffs incorporate each and every allegation contained above.

10     55.    California law requires employers to indemnify employees for all necessary

11  expenditures or losses incurred in direct consequence of the discharge of their duties.

12     56.    Defendants unlawfully failed to indemnify Plaintiffs for reasonable and necessary

13  expenditures, including their vehicles, tools, cellular telephones, transportation expenses,

14  insurance, uniform and laundry of the same, loss of product (such as stolen baked goods), among

15  other expenses. Apart from the initial purchase or lease of the vehicle, which Defendants assist

16  with, Plaintiffs are not required to arrange any other necessities. In fact, Defendants provide

17  computer equipment, administrative support, warehouse space, advertisements, promotional

18  materials, bakery trays, market and strategic development and all other business necessities.

19  Defendants also arrange for insurance and financing on behalf of Plaintiffs. In exchange,

20  Defendants deduct these expenses from Plaintiffs' wages.

21     57.    As a proximate result of Defendants' unlawful conduct, Plaintiffs sustained

22  damages and are entitled to recover for necessary expenditures or loss incurred, interest,

23  applicable penalties, attorneys' fees, and costs.

24                       **XII.    EIGHTH CAUSE OF ACTION**

25                              **(Violations of the UCL)**

26                        **(By Plaintiffs Against All Defendants)**

27     58.    Plaintiffs incorporate each and every allegation contained above.

28

---

                                    12
                                COMPLAINT

59.     California Business & Professions Code sections 17200, *et seq.* ("UCL"), prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practice.

60.     Defendants have committed ongoing business practices within the meaning of the UCL, including, but not limited to:

    a.    Failing to pay Plaintiffs for all hours worked, including nonproductive time and rest breaks pursuant to Labor Code sections 1194, 1194.2, 1197, among others;

    b.    Failing to provide meal periods or pay compensation in lieu to the Plaintiffs pursuant to Labor Code section 512, 226.7 and IWCs;

    c.    Failing to pay overtime premium pay to the Plaintiffs pursuant to Labor Code section 1194, among others, and the IWCs;

    d.    Making illegal deductions from wages earned by the Plaintiffs pursuant to Labor Code sections 221, 223 and the IWCs;

    e.    Failing to reimburse Plaintiffs for reasonable and necessary business expenses pursuant to Labor Code section 2802;

    f.    Failing to pay Plaintiff Simon Goro wages when due pursuant to Labor Code section 203; and

    g.    Failing to provide accurate wage statements to the Plaintiffs pursuant to Labor Code section 226.

61.     The unlawful business practices described above have proximately caused monetary damages to Plaintiffs and the general public. Plaintiffs have lost money or property as a result of Defendants' acts of unfair competition.

62.     Pursuant to the UCL, Plaintiffs are entitled to restitution of money or property acquired by Defendants by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

63.     Pursuant to the UCL, Plaintiffs and the general public are entitled to injunctive relief against Defendants' ongoing continuation of such unlawful business practices.

1      64.     If Defendants are not enjoined from engaging in the unlawful business practices

2  described above, Plaintiffs and the general public will be irreparably injured. The exact extent,

3  nature, and amount of such injury is difficult to ascertain at this time.

4      65.     Plaintiffs have no plain, speedy, and adequate remedy at law.

5      66.     Defendants, if not enjoined by this Court, will continue to engage in the unlawful

6  business practices described above in violation of the UCL, in derogation of the rights of

7  Plaintiffs and of the general public.

8      67.     The success of Plaintiffs in this action will result in the enforcement of important

9  rights affecting the public interest by conferring a significant benefit upon the general public.

10      68.     Private enforcement of these rights is necessary as no public agency has pursued

11  enforcement. There is a financial burden incurred in pursuing this action, and it would be against

12  the interests of justice to require the payment of attorneys' fees from any recovery in this action.

13  Plaintiffs are therefore entitled to an award of attorney's fees and costs of suit pursuant to

14  California Code of Civil Procedure Section 1021.5.

15                                    **XIII.   REQUEST FOR JURY TRIAL**

16  Plaintiffs hereby request a trial by jury.

17                                      **XIV.   PRAYER FOR RELIEF**

18  Plaintiffs pray for judgment against Defendants, as follows:

19      1.     For compensatory damages according to proof;

20      2.     For enhanced damages, liquidated damages, and penalties as permitted under

21              California law;

22      3.     For waiting-time penalties pursuant to Labor Code section 203;

23      4.     For disgorgement of all monies which Defendants have illegally gained;

24      5.     For restitution according to proof at trial;

25      6.     For an order enjoining Defendants from any further acts and practices which

26              violate the UCL;

27      7.     For pre-judgment interest;

28      8.     For costs of suit;

1     9.     For reasonable attorneys' fees; and

2     10.     For such other and further relief as this Court may deem just and proper.

4 Respectfully submitted:

5 DATED:   November 24, 2017           **NICHOLAS & TOMASEVIC, LLP**

By:    *Lacy Wells*

                    Craig M. Nicholas
                    Lacy Wells

                    Attorneys for Plaintiffs



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2017-00045288-CU-OE-CTL       CASE TITLE: Simon Goro vs Flowers Foods Inc [IMAGED]

<u>NOTICE:</u> All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following
three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
  (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
  (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
  (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts,
community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help
people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR
as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR,
and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the
particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR
webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner
so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so.
Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing
relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties
want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand
the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a
decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful
when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help
guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then
decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If
the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final.
With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be
appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the
formality, time, and expense of a trial.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7061 |

PLAINTIFF(S) / PETITIONER(S):   Simon Goro et.al.

DEFENDANT(S) / RESPONDENT(S):   Flowers Foods Inc et.al.

SIMON GORO VS FLOWERS FOODS INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2017-00045288-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:   John S. Meyer                                        Department: C-61

**COMPLAINT/PETITION FILED:** 11/27/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/18/2018 | 09:45 am | C-61 | John S. Meyer |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2017-00045288-CU-OE-CTL       CASE TITLE: Simon Goro vs Flowers Foods Inc [IMAGED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S): Simon Goro et.al. |
|---|
| DEFENDANT(S): Flowers Foods Inc et.al. |
| SHORT TITLE: SIMON GORO VS FLOWERS FOODS INC [IMAGED] |

| **STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2017-00045288-CU-OE-CTL |
|---|---|

Judge: John S. Meyer                                                    Department: C-61

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                Name of Defendant

_____          _____
Signature                                        Signature

_____          _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____          _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 11/28/2017                                _____
                                                 JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1