**NICHOLAS & TOMASEVIC, LLP**
  Craig M. Nicholas (SBN 178444)
  Alex Tomasevic (SBN 245598)
  Shaun Markley (SBN 291785)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: smarkley@nicholaslaw.org

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON GORO, an individual; TONY RUSSELL, an individual; REY PENA, an individual; JOSE PENA, an individual; JEFF BELANDER, an individual; GUISEPPE ZIZZO, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FLOWERS FOODS, INC., a Georgia corporation; FLOWERS BAKING CO. OF CALIFORNIA, LLC, a California limited liability company; FLOWERS BAKING CO. OF HENDERSON, LLC, a Nevada limited liability company;<br><br>Defendants. | Case No. 17-cv-02580-JLS-JLB<br><br>**DECLARATION OF SHAUN MARKLEY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' FURTHER RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>**[NO ORAL ARGUMENT OR PERSONAL APPEARANCE WITHOUT FURTHER ORDER FROM THE COURT]**<br><br>**Date**: July 17, 2018<br>**Time**: 11:30 p.m.<br><br>**District Judge**: Janis L. Sammartino<br>**Magistrate Judge**: Jill L. Burkardt<br><br>**Date of Removal**: December 28, 2017 |

I, Shaun Markley, declare:

   1.   I am an attorney at law duly licensed to practice before all of the courts of the State of California, the Southern District of California, and the Northern District of California. I am an associate with the law firm of Nicholas & Tomasevic, LLP, counsel for record for Plaintiff and the putative class. I am familiar with the

1. facts of this case and if called upon as a witness I could testify to the following facts based on my own personal knowledge.

2. Under Defendants' national independent contractor model, Defendants enter into "Distributor Agreements" with individuals like Plaintiffs. As an example, a true and correct copy of Defendants' "Distributor Agreement" with Plaintiff Jose Peña is attached hereto as **Exhibit 1**.

3. A true and correct copy of excerpts from the deposition transcript of Defendant's Federal Rule of Civil Procedure 30(b)(6) designee are attached hereto as **Exhibit 2**.

4. A true and correct copy of Defendant Flowers Baking Co. of Henderson, LLC's supplemental responses to Plaintiff Tony Russell's Set Two Interrogatories are attached hereto as **Exhibit 3**.

5. True and correct copies of Defendant Flowers Baking Co. of California, LLC, Flowers Baking Co. of Henderson, LLC, and Flowers Foods, Inc.'s responses to Set Three Requests for Production, and Flowers Baking Co. of Henderson's Supplemental Responses to Set Three Requests for Production, are attached hereto as **Exhibit 4**.

6. In meeting and conferring on Defendants' responses to Requests for Production, Plaintiffs' counsel repeatedly asked that Defendants supplement to identify what, if any documents are being withheld on the basis of the voluminous boilerplate objections Flowers inserts in each response to Requests for Production. Flowers refused to identify known documents being withheld, such as the Woodward deposition testimony and the Appendices to the EY Memo. Instead, Plaintiffs' counsel has had to carefully review each document produced by Flowers to ensure that a sufficient production has been made (*i.e.*, that Flowers is not leaving off pages or attachments from documents that it produces), but even this does not address nor could Plaintiffs ever know of documents being withheld that have no point of reference in other produced document and the like.

7. Defendants have made no effort to produce a privilege log or the like, so it is assumed there are no attorney-client or work product related objections that lead to the disputed documents being withheld. Plaintiffs' counsel asked to inspect the documents at Flowers' counsel's office and/or if Flowers would submit these disputed documents to the Court *in camera*. Flowers refused. Furthermore, Defendants have refused to provide a meaningful explanation of what is contained in the documents. Instead, they simply refer Plaintiffs to the short and unhelpful descriptions of these disputed documents contained in other produced documents and provide a vague, self-serving, conclusory statement that each is confidential and proprietary. Defendants then conclude production would be "disproportionate." Specifically, I asked Defense Counsel for routine information about the disputed documents such as whether they mention distributors or the distributor agreement, whether control, title, or risk of loss of bakery products are discussed, and the like. Flowers feigned confusion and refused to even share who was involved in creating the documents at issue. In short, Defendants refuse to answer questions about the documents to allow Plaintiffs to know what is at issue (what Defense Counsel called "being deposed") or simply allow Plaintiffs' counsel to look at the documents and assess for themselves.

8. Defendants have also refused to produce a full copy of the deposition transcript of Defendants' former Senior Vice President and Chief Financial Officer, Jimmy Woodward, taken in the matter of *Rehberg, et al. v. Flowers Foods, Inc., et al.* in the Western District of North Carolina (Case No. 3:12-cv-00596). Plaintiffs' counsel could only find the transcript online and in limited form. True and correct copies of excerpts of the Mr. Woodward's deposition transcript are attached hereto as **Exhibit 5**.

9. A true and correct copy of Flowers' correspondence with the IRS carried out by Mr. Woodward and dated March 16, 2004, is attached hereto as **Exhibit 6**.

10. A true and correct copy of Defendants' interoffice memorandum titled "Revenue Recognition Updates" ("2018 Revenue Memo"), dated May 13, 2018, is attached hereto as **Exhibit 7**.

11. A true and correct copy of a memorandum drafted by Ernst & Young titled "New Revenue Standard" ("EY Memo"), dated July 2017, is attached hereto as **Exhibit 8**.

12. A true and correct copy of Defendants' interoffice memorandum titled "VIE Analysis for Incorporate Entities" ("FLO VIE Memo"), dated June 25, 2013, is attached hereto as **Exhibit 9**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 22, 2018, in San Diego, California.

By: */s/ Shaun Markley*
Shaun Markley