# EXHIBIT 3

Frank L. Tobin CA Bar No. 166344
frank.tobin@ogletree.com
Clint S. Engleson CA Bar No. 282153
clint.engleson@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA  92122
Telephone:  858.652.3100
Facsimile:   858.652.3101

Attorneys for Defendant FLOWERS FOODS, INC.,
FLOWERS BAKING CO. OF CALIFORNIA, LLC, and
FLOWERS BAKING CO. OF HENDERSON, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON GORO, an individual; TONY RUSSELL, an individual; REY PENA, an individual; JOSE PENA, an individual; JEFF BELANDER, an individual; GUISEPPE ZIZZO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FLOWERS FOODS, INC., a Georgia corporation; FLOWERS BAKING CO. OF CALIFORNIA, LLC, a California limited liability company; FLOWERS BAKING CO. OF HENDERSON, LLC, a Nevada limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 17-CV-02580-JLS-JLB<br><br>**DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TONY RUSSELL'S INTERROGATORIES, SET TWO**<br><br>Complaint Filed:  December 13, 2017<br>Trial Date:          Not Set |

35648885_1.docx

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFF TONY RUSSELL |
| RESPONDING PARTY: | DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC |
| SET NUMBER: | TWO (2) |

TO PLAINTIFFS AND TO PLAINTIFFS' ATTORNEYS OF RECORD:

Defendant Flowers Baking Co. of Henderson, LLC ("Defendant") hereby supplements its responses to Plaintiff Tony Russell's ("Plaintiff's") Interrogatories, Set No. Two, pursuant to Federal Rule of Civil Procedure, Rule 33, as follows:

## PRELIMINARY STATEMENT

Defendant makes these responses solely for the purpose of this action. Defendant has not completed its discovery or investigation of the facts underlying this lawsuit and has not completed its preparation of this case for trial.  The following responses are made to the best of Defendant's present knowledge, information, and belief.  The following responses are made in good faith to supply as much factual information that is presently known, but in no way should prejudice Defendant's right in relation to further discovery research, analysis, or production of evidence. Defendant reserves the right to amend, supplement, or otherwise modify its responses herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made.

Any information provided in response to these requests is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility. Defendant reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action.  Defendant may interpose these objections at any time prior to and during the trial of this case.  Defendant reserves the right to object on any ground at any time to such other or supplemental requests Plaintiff may propound involving or relating to the subject matter of the requests.

/ / /

35648885_1.docx

1     Case No. 17-CV-02580-JLS-JLB
DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TONY RUSSELL'S INTERROGATORIES, SET TWO

Defendant makes no incidental or implied admissions by these responses. Accordingly, Plaintiff shall not construe Defendant's response or objection to any request as Defendant's admission that it accepts or admits the existence of any facts assumed by the request, and Plaintiff shall not construe Defendant's response or objection as admissible evidence of any such assumed facts.

## GENERAL OBJECTIONS

Defendant objects to each special interrogatory that calls for information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, including any constitutional or statutory privileges. Defendant will not provide any such privileged or protected information in response to any request that seeks it. If any documents subject to privilege are inadvertently produced, such production will not constitute a waiver of Defendant's claims to any applicable privilege with respect to that document or its contents.

Defendant objects to each special interrogatory that seeks private information regarding individuals who are not parties to this action, the disclosure of which would violate those individuals' right to privacy established and protected by the California Constitution.

Defendant objects to each special interrogatory that seeks the confidential or proprietary information of Defendant and/or any parent, subsidiary, or other entity otherwise related to Defendant.

Defendant objects to each request that imposes upon Defendant requirements exceeding those set forth in the Federal Rules of Civil Procedure.

Defendant objects to each request that is overbroad as to time and scope, and that seeks production of documents that are not relevant to the claims or defenses of this action and are not reasonably calculated to lead to the discovery of admissible evidence.

/ / /

35648885_1.docx

2                Case No. 17-CV-02580-JLS-JLB
DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TONY RUSSELL'S INTERROGATORIES, SET TWO

Defendant objects to each request that is vague and ambiguous, in that the manner in which specific demands are phrased creates confusion given the issues involved in the litigation.

Defendant objects to these interrogatories to the extent the responses contemplated are due after the discovery cutoff for written discovery, which thereby makes the request untimely and improper.

All of the following responses are made subject to the foregoing Preliminary Statement and General Objections, which are incorporated by reference into each response stated below as though fully set forth in the response, regardless of whether the Preliminary Statement or General Objections are repeated therein. Each response is further subject to any objection specifically stated therein; however, assertion of the same, similar, or additional objections to an individual request does not waive any of Defendant's general objections set forth above.

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 18:**

DESCRIBE the process for approving cash sales to customers presented by distributors such as Plaintiffs.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendant incorporates its General Objections. Defendant objects that this interrogatory is vague and ambiguous with respect to the terms and phrases "process," "approving cash sales to customers," "presented by," "distributors such as Plaintiffs," and "DESCRIBE," as defined. Defendant objects that this interrogatory is overbroad as to time and scope. Defendant objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory to the extent it assumes facts. Defendant objects to this interrogatory to the extent it calls for confidential, proprietary, and trade secret information of Defendant. Defendant objects to this interrogatory to the extent it seeks information protected by the

35648885_1.docx

3     Case No. 17-CV-02580-JLS-JLB

DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TONY RUSSELL'S INTERROGATORIES, SET TWO

Subject to and without waiving the foregoing objections, Defendant responds as follows: Presently, there are no territories being operated by other than independent contractor franchisees like the Plaintiffs in San Diego County. Because discovery is ongoing and continuing, this answering party reserves the right to amend said response upon completion of discovery.

**INTERROGATORY NO. 21:**

If YOU contend that the Plaintiffs were properly classified as non-employees, then please state all facts that support that contention.

a.   "YOU" or "YOUR," mean Responding Party and its attorneys, predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities, related entities, and its present and former officers, owners, directors, members, partners, managers, trustees, representatives, agents, employees and all persons presently or formerly acting, or purporting to act, on its behalf, or on behalf of its predecessors, subsidiaries, divisions, affiliates, controlled companies and joint ventures, acquired entities and related entities, for any purpose whatsoever.

**RESPONSE TO INTERROGATORY NO. 21:**

Defendant incorporates its General Objections. Defendant objects that this interrogatory is unintelligible. Defendant objects that this interrogatory is vague and ambiguous with respect to the terms and phrases "properly classified" and "non-employees." Defendant objects that this interrogatory is overbroad as to time and scope. Defendant objects to this interrogatory on the grounds the defined term "YOU" is overbroad, burdensome, and harassing because it requires Defendant to answer on behalf of other separate and distinct entities and persons. Defendant objects that this interrogatory is overbroad as to time and scope. Defendant objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory to the extent it calls for confidential, proprietary, and trade secret

35648885_1.docx

6   Case No. 17-CV-02580-JLS-JLB
DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF TONY RUSSELL'S INTERROGATORIES, SET TWO

information of Defendant. Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21:**

Defendant incorporates its General Objections. Defendant objects that this interrogatory is unintelligible. Defendant objects that this interrogatory is vague and ambiguous with respect to the terms and phrases "perform work within YOUR direct-store-delivery line of business." Defendant objects that this interrogatory is overbroad as to time and scope. Defendant objects to this interrogatory on the grounds the defined term "YOU" is overbroad, burdensome, and harassing because it requires Defendant to answer on behalf of other separate and distinct entities and persons. Defendant objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this interrogatory to the extent it calls for confidential, proprietary, and trade secret information of Defendant. Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Plaintiffs, through their corporations, are independent contractor franchisee distributors ("ID's") with Defendant (and, previously, Flowers Baking Company of California), who purchased distribution rights to market and sell bakery products in defined geographic territories. The Distributor Agreement's ("DA's") state, inter alia, the following: (1) Plaintiffs and/or their corporations are independent contractors; (2) Plaintiffs and/or their corporations shall not be controlled by Defendant as to the specific details or manner of their business; (3) Plaintiffs are not required to personally perform distribution services, can hire helpers, advertise, own outside businesses or perform work elsewhere, and can sell their distribution rights to others; (4) Plaintiffs are not required to wear uniforms or put logos on their vehicles;

35648885_1.docx

and (5) Plaintiffs are permitted to sell products other than Defendant's. Through the DA's, Plaintiffs and/or their corporations agreed to buy bakery products from Defendant at a discount. Once they buy the products, title to the products passes to Plaintiffs and/or their corporations. Plaintiffs and/or their corporations then resell the products at the higher wholesale price to grocery stores, restaurants, and large chain stores that exist within their respective geographic territories. The profits realized by Plaintiffs and/or their corporations is the difference between the discounted purchase price and the wholesale price they charge the accounts in their respective territories, less Plaintiffs' expenses associated with operating their respective businesses. Defendant does not dictate what quantity of products Plaintiffs and/or their corporations purchase. Plaintiffs, as businessmen, understand that the difference between the discounted price and the higher wholesale price is also intended to, and does, cover their expenses they knew they will incur while operating their territories, and that the money left over will represent their profits. Plaintiffs also understood and authorized Defendant to deduct certain amounts for business expenses from their weekly Settlement Statements.

Plaintiffs are not economically dependent on Defendant because they receive no base salary or guarantee, nor is their income tied to how many hours they perform services. Rather, their income is fully contingent on, and dictated by, their sales of products to customers less their business expenses. This renders Plaintiffs economically dependent on their own ingenuity and ability to increase sales and control costs. Because Plaintiffs and/or their corporations may hire others, at their discretion, to assist with running their distributorships, Plaintiffs may pursue other economic endeavors.

Defendant cannot terminate the DA's at will. Rather, Defendant can only terminate the DA's after following the breach of contract provisions stated therein or under very limited circumstances.

Defendant does not supervise the operation of Plaintiffs' territories. The

35648885_1.docx

operation of Plaintiffs' territories requires a business-owner skill set. Plaintiffs' opportunity for profit or loss depends greatly on their efforts and skills, including developing relationships with customers, employing other individuals, knowledge of which products succeed in their accounts, and controlling business expenses.

Plaintiffs and/or their corporations operate whichever territories they chose to purchase using their own equipment. Plaintiffs are free to expand or contract their business by selling, in whole or in part, their distribution territory to third-parties or purchasing additional distribution territory from other distributors or Defendant. Plaintiffs all knew they were entering into independent contractor franchisee agreements with Defendant, as evidenced by the DA's themselves.

The use of independent contractors is common in the baking industry, including in Southern California. It is common to have individuals and/or corporations own and operate their territories as independent businesses. Plaintiffs' work is separate and apart from Defendant's regular business.

In addition, Plaintiffs' claims are preempted by the Federal Aviation Administration Authorization Act. Because discovery is ongoing and continuing, this answering party reserves the right to amend said response upon completion of discovery.

**INTERROGATORY NO. 22:**

If YOU contend that the Plaintiffs were properly classified as non-employees, then please identify all persons that support that contention.

**RESPONSE TO INTERROGATORY NO. 22:**

Defendant incorporates its General Objections. Defendant objects that this interrogatory is unintelligible. Defendant objects that this interrogatory is vague and ambiguous with respect to the terms and phrases "properly classified," "non-employees," and "identify." Defendant objects that this interrogatory is overbroad as to time and scope. Defendant objects to this interrogatory on the grounds the defined term "YOU" is overbroad, burdensome, and harassing because it requires Defendant

35648885_1.docx

9   Case No. 17-CV-02580-JLS-JLB
DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF TONY RUSSELL'S INTERROGATORIES, SET TWO

1  as follows:  persons that may be responsive to this request have been identified in this
2  party's Rule 26(a)(1) disclosures.  Because discovery is ongoing and continuing, this
3  answering party reserves the right to amend said response upon completion of
4  discovery.

DATED:  October 8, 2018

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Frank L. Tobin*
    Frank L. Tobin
    Clint S. Engleson
    Attorneys for Defendant FLOWERS FOODS, INC., FLOWERS BAKING CO. OF CALIFORNIA, LLC, and FLOWERS BAKING CO. OF HENDERSON, LLC

35648885_1.docx

## VERIFICATION

I, Tyler Schoenewald, under penalty of perjury, declare as follows:

1. I am the Market Vice President for Defendant Flowers Baking Co. of Henderson, LLC ("Defendant"). I am authorized to make this verification for and on behalf of Defendant. I make this verification for that reason. I have read and know DEFENDANT FLOWERS BAKING CO. OF HENDERSON, LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF TONY RUSSELL'S INTERROGATORIES, SET TWO.

2. I am informed and believe that the facts stated in the responses are within the knowledge of Defendant but not entirely within my personal knowledge, that there is not one agent or officer of Defendant who has personal knowledge of all such facts, and that the facts stated herein have been assembled by authorized agents and counsel of Defendant.

3. The responses are based upon and therefore necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course of preparing the responses. Consequently, Defendant reserves the right to make changes to the responses if it appears at any time that inadvertent errors or omissions have been made.

4. Subject to the limitations set forth in paragraphs 2 and 3 hereinabove, I affirm that the matters stated in the responses are true to the best of my present knowledge.

I declare under penalty of perjury under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Executed on October 8, 2018 at  FONTANA , California.

_Tyler Schoenewald_
Tyler Schoenewald

35648885.1