# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

FLOWERS FOODS, INC., a Georgia Corporation;
FLOWERS BAKERIES, LLC, a Georgia Limited
Liability Company,

     Petitioner-Defendants,

v.

DANIEL LUDLOW, an individual,

     Respondent-Plaintiff.

------------------------------------------------------------ x

Civil Action No.

**PETITIONER-DEFENDANTS'
MOTION TO QUASH SUBPOENA TO
ERNST & YOUNG, LLP AND
MOTION FOR
PROTECTIVE ORDER**

  **PLEASE TAKE NOTICE** that, upon the Declaration of Frank L. Tobin dated November 1, 2018, and Exhibit A annexed thereto, the Declaration of Vandy Davis, and Exhibit B annexed thereto, the accompanying Memorandum of Law, and all prior pleadings and proceedings in this action, the undersigned will move this Court before the assigned United States District Judge, in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, on a date and time to be determined by the Court, (i) for an Order quashing the Subpoena to Ernst & Young, LLP and for a protective order precluding Plaintiff from seeking the production of documents and testimony from Ernst & Young, LLP, pursuant to Federal Rules of Civil Procedure 45, 26(b), and 26(c), and (ii) for such other and further relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Civil Rule 6.1, answering papers, if any, shall be served on or before November 8, 2018.

Dated: New York, New York
November 1, 2018

>Respectfully submitted,
>
>OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
>
>By: /s/ *Christina M. Schmid*
>  Christina M. Schmid
>  599 Lexington Avenue, 17th Floor
>  New York, New York 10022
>  (212) 492-2500
>  christina.schmid@ogletree.com
>  *Attorneys for Petitioner-Defendants Flowers Foods, Inc. and Flowers Bakeries, LLC*

36201935.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
FLOWERS FOODS, INC., a Georgia Corporation;
FLOWERS BAKERIES, LLC, a Georgia Limited
Liability Company,

       Petitioner-Defendants,

v.

DANIEL LUDLOW, an individual,

       Respondent-Plaintiff.

------------------------------------------------------------ x

Civil Action No.

**PETITIONER-DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA TO ERNST & YOUNG, LLP AND MOTION FOR <u>PROTECTIVE ORDER</u>**

# TABLE OF CONTENTS

**Page**

ARGUMENT ................................................................................................................ 3

    I.    Legal Standard for Quashing Subpoenas and Issuing a Protective Order ................................................................................................... 3

    II.   The EY Subpoena Should be Quashed ............................................... 3

        A.    Defendants Have Standing to Contest Plaintiff's Subpoena, Which Requires Disclosure of Privileged and/or Confidential, Proprietary, and Trade Secret Information. ........................................................................ 4

        B.    The Subpoena Is Overbroad and Does Not Comply with Rule 26. ................................................................................. 6

        C.    Defendants Have Already Provided Plaintiff's Counsel with Responsive Documentation Requested in the Subpoena. ............................................................................... 9

        D.    The Court Should Enter a Protective Order Barring Plaintiff From Seeking Discovery From EY, or Alternatively, Limit EY's Production to Only Documents that are Ordered Produced the Court in the *Goro* Case. ..................... 11

CONCLUSION ......................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases** **Pages**

*Chazin v. Lieberman*,
    129 F.R.D. 97 (S.D.N.Y.1990) ..................................................................................4

*Concord Boat Corp. v. Brunswick Corp.*,
    169 F.R.D. 44 (S.D.N.Y. 1996) .................................................................................9

*Dial Corp. v. News Corp.*,
    No. 13CV6802, 2015 WL 3778533 (S.D.N.Y. May 19, 2015) ...........................8, 10

*During v. City Univ. of N.Y.*,
    No. 05 Civ. 6992, 2006 WL 2192843 (S.D.N.Y. Aug. 1, 2006) ..........................3, 6

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
    No. 02 CIV. 3400 WCC, 2006 WL 2642192, at *2 (S.D.N.Y. Sept. 13, 2006)........4

*Hughes v. Twenty-First Century Fox, Inc.*,
    No. 17CV7093, 2018 WL 1936096 (S.D.N.Y. Apr. 24, 2018) .................................7

*Langford v. Chrysler Motors Corp.*,
    513 F.2d 1121 (2d Cir.1975)......................................................................................8

*In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*,
    269 F.R.D. 360 (S.D.N.Y. 2010) .............................................................................11

*In re New York Racing Ass'n Inc.*,
    No. 06-12618 (JLG), 2016 WL 6081087 (Bankr. S.D.N.Y. Oct. 17, 2016) ............11

*Saye v. Old Hill Partners, Inc.*,
    No. 3:03CV1071(DJS), 2004 WL 1944024 (D. Conn. Aug. 31, 2004) ....................7

*Sierra Rutile Ltd. v. Katz*,
    No. 90 Civ. 4913, 1994 WL 185751 (S.D.N.Y. May 11, 1994)................................4

*Simon Goro et. al. v. Flowers Foods, Inc. et. al.*,
    Case No. 17-CV-02580-JLS-JLB ................................................................ *passim*

*Solow v. Conseco, Inc.*,
    No. 06 CIV. 5988 BSJTHK, 2008 WL 190340, at *5 (S.D.N.Y. Jan. 18, 2008) ..5, 6

*Sullivan Marketing, Inc. v. Valassis Communications, Inc.*,
    No. 93 Civ. 6350, 1994 WL 177795 (S.D.N.Y. May 5, 1994)..................................5

*US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*,
    12 Civ. 6811(CM)(JCF), 2012 WL 5395249 (S.D.N.Y. Nov. 5, 2012) ....................7

*Zinter Handling, Inc. v. Gen. Elec. Co.*,
 No. 04CV500(GLS/DRH), 2006 WL 3359317 (N.D.N.Y. Nov. 16, 2006) ..............................4

**Statutes**

FLSA...................................................................................................................................................1

**Other Authorities**

Federal Rule of Civil Procedure 26 ...............................................................................3, 6, 8, 9, 11

Federal Rule of Civil Procedure 30(b)(6) .................................................................................2, 6, 9

Federal Rule of Civil Procedure 45 ........................................................................................3, 4

This Motion seeks to quash a third-party subpoena issued on behalf of Respondent-Plaintiff Daniel Ludlow (referred to herein as "Plaintiff") in the case of *Ludlow v. Flowers Foods, Inc., et al.*, pending in the District Court for the Southern District of California. The subpoena names New York City, New York as the place of compliance.

Plaintiff is a former independent contractor franchisee who entered into a Distributor Agreement with non-party Flowers Baking Company of Henderson, LLC for the exclusive rights to distribute baked goods within a certain defined geographical territory in Southern California. Plaintiff initiated the current action against Petitioner-Defendants Flowers Foods, Inc. and Flowers Bakeries, LLC (referred to herein collectively as "Defendants"), on behalf of himself and other distributors he seeks to represent, alleging that they were improperly classified as independent contractors and denied overtime and other compensation in violation of the FLSA and California wage and hour laws.

Ernst & Young, LLP ("EY"), who is not a party to this litigation, is an accounting firm which Defendant Flowers Foods, Inc. engaged in 2017 to provide services in connection with analyzing revenue recognition practices. *See* Declaration of Vandy Davis ("Davis Decl.") at ¶ 2. EY's work on this project touched on many areas of Defendants' business which are unrelated to the subject matter of this employment misclassification case. *Id.*

On or about October 19, 2018, Plaintiff served a Subpoena to Testify at a Deposition in a Civil Action upon EY (the "Subpoena") including three (3) broad requests for the production of documents related to EY's retention by Flowers Foods, Inc. and its subsidiaries, including but not limited to, Flowers Bakeries, LLC (collectively defined by the subpoena as "FLOWERS"), to assess and consider the new revenue recognition standards set forth in FASB topic 606. *See* Exhibit A (a true and correct copy of the Subpoena). This analysis is irrelevant to the issue of independent

1

contractor misclassification because any assessment of Flowers' revenue recognition practices assumes an independent contractor relationship. David Decl. at ¶ 2.

Notably, the Subpoena does not "describe with reasonable particularity the matters for examination" in violation of Federal Rule of Civil Procedure 30(b)(6). In fact, the Subpoena does not provide *any* statement of the requested "matters for examination." The Subpoena is therefore void with respect to its demand for testimony from EY.

Further, by its grossly overly broad requests, the Subpoena implicates a wide range of privileged and/or proprietary, confidential, and trade secret information that is not relevant to the subject matter of the litigation and the disclosure of which could cause substantial harm to Defendants. Plaintiffs cannot show a substantial need for the documents that cannot otherwise be met: either because there is no substantial need, or because the need can be met through discovery requests to Defendants.

Defendant Flowers Foods, Inc. has already provided many of the documents sought in the case of *Simon Goro et. al. v. Flowers Foods, Inc. et. al.*, Case No. 17-CV-02580-JLS-JLB ("*Goro* Case") pending in the Southern District of California and also brought by Plaintiff's counsel. In that case, Plaintiff's counsel has also shown a propensity to violate protective orders, causing an even greater risk that confidential information will be improperly disclosed should EY have to comply with the subpoena and produce documents and testimony. Accordingly, the Subpoena should be quashed and a protective order issued.

## ARGUMENT

### I. Legal Standard for Quashing Subpoenas and Issuing a Protective Order

Federal Rule of Civil Procedure 45 governs the use of subpoenas. "Subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are subject to Rule 26(b)(1)'s overriding relevance requirement." *See During v. City Univ. of N.Y.,* No. 05 Civ. 6992, 2006 WL 2192843, at *3 (S.D.N.Y. Aug. 1, 2006) (collecting cases). Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). However, discovery is not permitted to the extent that (1) it is unreasonably cumulative or duplicative, (2) it is obtainable from a more convenient, less burdensome, or less expensive source, (3) the party seeking discovery had ample opportunity to obtain the information by discovery in the action, or (4) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

Upon request, the Court *must* quash a subpoena where the subpoena requires disclosure of privileged matter or subjects a non-party to an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The Court *may* quash a subpoena to protect a person subject to or affected by a subpoena where compliance with the subpoena would include disclosure of confidential commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i). Further, the Court is empowered to issue an order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

### II. The EY Subpoena Should be Quashed

The Court should quash Plaintiff's Subpoena to EY because (1) compliance would require the disclosure of privileged and/or confidential, proprietary, and trade secret commercial information to the detriment of Defendants; (2) the subpoena seeks information unrelated to the subject matter of this litigation in violation of Federal Rule of Civil Procedure 26(b)(1); (3)

3

Plaintiff's counsel have received documentation responsive to its subpoena from Defendants in other litigation; (4) Plaintiff cannot demonstrate a substantial need for the documents; and (5) Plaintiff's counsel has demonstrated a propensity to violate protective orders in other cases.

    **A.    Defendants Have Standing to Contest Plaintiff's Subpoena, Which Requires Disclosure of Privileged and/or Confidential, Proprietary, and Trade Secret Information.**

As a threshold matter, even though the subpoena is not directed to Defendants, Defendants have standing to contest it. A party has standing to quash a subpoena served on a third party where the party has a personal right or interest in the documents sought by the subpoena. *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02 CIV. 3400 WCC, 2006 WL 2642192, at *2 (S.D.N.Y. Sept. 13, 2006) (finding that because subpoena to accounting firm sought documents that dealt with party's financial affairs, party had standing to challenge the subpoena); *Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y.1990) (finding a party had standing to challenge a subpoena served on non-party financial institutions based on privacy grounds); *Sierra Rutile Ltd. v. Katz,* No. 90 Civ. 4913, 1994 WL 185751, at *2 (S.D.N.Y. May 11, 1994) (party may have "a sufficient privacy interest in the confidentiality of records pertaining to their personal financial affairs so as to give them standing to challenge the subpoenas."); *Zinter Handling, Inc. v. Gen. Elec. Co.*, No. 04CV500(GLS/DRH), 2006 WL 3359317, at *3 (N.D.N.Y. Nov. 16, 2006) (concluding that because the subpoena "could reasonably require [the accounting firm] to produce banking and financial records," the corporate movants' privacy interests in these documents gave them standing to object to the subpoena.").

Federal Rule 45(d)(3)(A)(iii) requires a court to quash or modify a subpoena which requires the disclosure of privileged or other protected matter. Fed. R. Civ. P. 45. Rule 45(d)(3)(B) permits a court to quash a subpoena if compliance with the subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information." *Id*. When considering

4

whether information is confidential such that it falls under this rule, a court may consider such things as "(1) the extent to which information is known outside the business; (2) the extent to which information is known to those inside the business; (3) the measures taken to guard the secrecy of the information; and (4) the value of the information to the business and its competitors." *Sullivan Marketing, Inc. v. Valassis Communications, Inc.*, No. 93 Civ. 6350, 1994 WL 177795, at *2 (S.D.N.Y. May 5, 1994) (finding information confidential based on these standards). Moreover, a non-party should not be required to produce confidential information in litigation in which it has no interest. *See Solow v. Conseco, Inc.,* No. 06 CIV. 5988 BSJTHK, 2008 WL 190340, at *5 (S.D.N.Y. Jan. 18, 2008) ("Protective Order or not, the Court will not require the production of confidential documents, relating to a non-party, that have no relevance to this case").

Through the accounting services EY was engaged to provide to Defendant Flowers Foods, Inc., EY was privy to Defendants' confidential, proprietary, and trade secret commercial information, including but not limited to financial information, customer information, business plans and strategies, sales and marketing plans, operational strategies and processes, pricing, product plans, and the identities of and nature of the Company's dealings with its employees, suppliers, and customers. *See* Davis Decl. at ¶ 3. Flowers Foods, Inc.'s business is highly competitive and the protection of its confidential, proprietary, and trade secret commercial information is vital to protect its competitive advantage and prevent others from gaining an unfair competitive advantage. *See id*. at ¶ 4. Plaintiff's counsel also admits the confidential nature of this information. Tobin Decl. at ¶ 3. Flowers Foods, Inc. and its subsidiaries take extensive measures to protect this information, including that Flowers Foods, Inc. entered into a confidentiality agreement with EY which prohibits EY from disclosing its confidential and/or proprietary

5

information to third parties. *See* Davis Decl. at ¶ 4. Requiring EY to comply with the Subpoena would violate the confidentiality agreement and permit Plaintiff significant access to Defendants' confidential, proprietary, and trade secret information. *See id*.

Additionally, the Subpoena **does not state the matters on which testimony is sought**. *See* Exhibit A. Instead, it states, "Please see Attachment A." *Id*. But Attachment A does **not** specify any such matters or otherwise state **any** deposition topics. *Id*. The Subpoena therefore violates Federal Rule of Civil Procedure 30(b)(6), which requires subpoenas directed at organizations to "describe with reasonable particularity the matters for examination." Plaintiff's Subpoena is therefore void with respect to its demand for testimony. Even assuming the Subpoena seeks testimony regarding the document requests set forth in Attachment A, such information constitutes Defendants' confidential, proprietary, and trade secret commercial information. Thus, for the same reasons production of these documents would be improper, witness testimony regarding the documents would also be improper.

### B. The Subpoena Is Overbroad and Does Not Comply with Rule 26.

Plaintiff's Subpoena to EY does not fall within the scope of proper discovery under the Federal Rules because the Subpoena's broad requests stretch far beyond the subject matter of this litigation and unabashedly seek irrelevant documents and information in violation of Rule 26.

Subpoenas must seek discoverable information within Rule 26(b)(1). *See During v. City Univ. of N.Y.*, No. 05 Civ. 6992, 2006 WL 2192843, at *3 (S.D.N.Y. Aug. 1, 2006). Rule 26 confines discovery to relevant matters. Fed. R. Civ. P. 26(b)(1). If the movants have standing to object to the subpoena, "the next inquiry requires weighing the relevance or probative value of the documents being sought against the privacy interests ... asserted." *Solow v. Conseco, Inc.,* No. 06 CIV. 5988 BSJTHK, 2008 WL 190340, at *4 (S.D.N.Y. Jan. 18, 2008). "The burden of

6

demonstrating relevance is on the party seeking discovery." *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.,* 12 Civ. 6811(CM)(JCF), 2012 WL 5395249 at *3 (S.D.N.Y. Nov. 5, 2012). Plaintiff cannot meet this burden.

Moreover, all three document requests in the Subpoena are unquestionably overbroad in that they inexplicably seek documents related to Flowers Foods, Inc. and all of its subsidiaries *nationwide* in an action where Flowers Foods, Inc. and Flowers Bakeries, LLC are the only named defendants. Further, the requests are not reasonably limited in time; in fact, they *contain no time limitation at all*. *Hughes v. Twenty-First Century Fox, Inc.*, No. 17CV7093, 2018 WL 1936096 (S.D.N.Y. Apr. 24, 2018) ("Whether a subpoena imposes an undue burden, as will support motion to quash depends on such factors as: . . (4) time period covered by it"); *Saye v. Old Hill Partners, Inc.*, No. 3:03CV1071(DJS), 2004 WL 1944024, at *5 (D. Conn. Aug. 31, 2004) (quashing subpoena where requested time period was overbroad). In addition, the document requests in the Subpoena are broader that what Plaintiff's counsel asked for in the *Goro* case. Tobin Decl. at ¶ 3. The Subpoena should be quashed on these bases alone.

Further, Plaintiffs' requests are overbroad as to scope and necessarily encompass irrelevant documents and information. Plaintiff's first request directs that EY produce "[a]ll DOCUMENTS and ESI relating to YOUR retention by FLOWERS to assess and consider the new revenue recognition standards set forth in FASB topic 606." <u>See</u> Ex. A, Request No. 1. FASB topic 606 concerns "Revenue from Contracts With Customers." Defendant Flowers Foods, Inc. did engage EY in 2017 to perform such an assessment of its revenue recognition practices in light of topic 606. *See* Davis Decl. at ¶ 2. However, EY was not asked to assess, and did not assess, whether distributors should have been classified as employees rather than independent contractors. *Id.* Instead, EY assessed when Flowers could recognize revenue on the sale of its baked goods. *Id.*

7

This request is therefore overbroad on its face, as it seeks *all* documents and ESI "relating to" Flowers' retention of EY, as opposed to those related to Flowers' distributor program.

Additionally, EY's assessment of Flowers' revenue recognition practices with respect to topic 606 ***assumes distributors and Flowers are in an independent contractor relationship***. Davis Decl. at ¶ 2. Thus, no assessment of Flowers' distributor program under topic 606 would be performed if distributors and Flowers were in a relationship *other than* an independent contractor relationship. *Id*. Plaintiff's request for all documents related to EY's assessment therefore necessarily encompasses documents which have no bearing on whether distributors were properly classified as independent contractors. The request is patently overbroad.

Similarly, Plaintiff's second request seeks "[a]ll DOCUMENTS and ESI relating to any assessment and consideration by YOU [EY] of FLOWERS' revenue recognition under the FASB rules in place prior to the enactment of topic 606." See Ex. A, Request No. 2. As with Plaintiff's first request, this request seeks a broad category of documents pertaining to Defendants or its subsidiaries, rather than those pertaining to Flowers' distributor program. Here, too, Plaintiff made no effort whatsoever to relate this request to the subject matter at issue in this litigation.

Thus, Plaintiff has no legitimate interest in obtaining information related to EY's services that did not involve the *distributor program*. Accordingly, it can only be assumed that Plaintiff's requests are a fishing expedition and/or an improper attempt to gain leverage in this litigation. A party may not simply engage in a fishing expedition. *See Langford v. Chrysler Motors Corp.,* 513 F.2d 1121, 1126 (2d Cir.1975) (upholding trial court's order quashing a subpoena on plaintiff's motion where the records "had no relevance to the main issues in the case"); *see also Dial Corp. v. News Corp.*, No. 13CV6802, 2015 WL 3778533, at *3 (S.D.N.Y. May 19, 2015) (quashing subpoena where requested documents were "overbroad and would include irrelevant, or

8

marginally relevant documents."). The requests are so broad that compliance with them would necessarily include irrelevant information. As such, the requests are improper and should be quashed. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D.N.Y. 1996) (quashing subpoena where subpoena "calls for documents that are wholly irrelevant to the underlying . . . litigation"). In fact, the information sought in the *Goro* case was much narrower. Tobin Decl. at ¶ 3.

Further, and as set forth above, the Subpoena violates Rule 30(b)(6) by failing to "describe with reasonable particularity the matters for examination." Thus, even were the Court to construe the Subpoena as requesting testimony regarding the documents sought in Attachment A, such a request would be impermissibly overbroad for the same reasons the document requests are overbroad.

### C. Defendants Have Already Provided Plaintiff's Counsel with Responsive Documentation Requested in the Subpoena.

To the extent that the requests in the Subpoena encompass any relevant documents, Defendants have already produced those documents to Plaintiff's counsel in the *Goro* Case. The *Goro* Plaintiffs have moved to compel production of the remaining documents. Thus, Plaintiff's Subpoena improperly attempts to circumvent both the Southern District of California's pending ruling on the motion to compel and the parties' Protective Order. This is wholly improper.

Federal Rule of Civil Procedure 26(b)(2) requires courts to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2). Additionally, Rule 26(g) cautions that discovery should not be propounded "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed R. Civ. P. 26 (g)(1)(B)(ii).

9

Here, subject to objections including relevance, Plaintiff's counsel has already been provided with documents responsive to the Subpoena. Plaintiff's Request No. 3 seeks "[t]he 'New Revenue Standard   Scoping Assessment and Considerations' memorandum YOU [EY] generated in July, 2017 for FLOWERS, along with associated appendices." See Ex. A, Request No. 3. In point of fact, despite objections to its relevance,[1] Flowers Foods, Inc. produced the New Revenue Standard   Scoping Assessment and Considerations' memorandum to Plaintiff's counsel in the *Goro* Case subject to a protective order along with some of its appendices. *See* Tobin Decl. ¶ 3. The issue of whether additional documents (totaling four appendices) from EY are required to be produced is ***currently being litigated in the Goro* Case**.[2] It is thus unnecessary for Plaintiffs to now seek the *same documents* again from EY. By serving the Subpoena in this case, Plaintiff's counsel is trying to circumvent the Southern District's pending decision with regard to the discoverability of the very information sought by the Subpoena. That his wholly improper.

Plaintiff's counsel should not be permitted to go on a fishing expedition through EY's files merely to locate documentation they already possess. They should also not be permitted to search for confidential and proprietary information that is disproportionate to the subject matter of this litigation, needlessly harassing Defendants and a third party. Plaintiff's counsel concedes this point, as they are seeking to compel a much *narrower* set of documents in the *Goro* case.

Moreover, Plaintiff cannot demonstrate a need to obtain documents from EY. A subpoena should be quashed where information sought is not needed from the non-party. *See Dial Corp. v. News Corp.*, No. 13CV6802, 2015 WL 3778533, at *3 (S.D.N.Y. May 19, 2015) (quashing

---

[1] Defendants maintain the information sought is far afield to what is discoverable in this case.

[2] Plaintiff's counsel has filed a motion to compel production of the appendices that were not produced. That motion is being opposed by Flowers Foods, Inc. and will be decided on November 15, 2018. Magistrate Judge Jill Burkhardt, the Magistrate Judge deciding that motion, is also the Magistrate Judge in the instant case.

10

subpoena where defendant could not show need for documents). Plaintiff's counsel knows how to pursue these documents from Defendants from their experience in *Goro* Case. The issue of what documents should be provided is currently being litigated in that case. There is no need to pursue the same documents from EY pursuant to the Subpoena while that issue is being litigated in the Southern District of California. Plaintiff cannot now claim that there is a legitimate need for EY to provide such information, and accordingly the subpoena should be quashed.

  **D.** **The Court Should Enter a Protective Order Barring Plaintiff From Seeking Discovery From EY, or Alternatively, Limit EY's Production to Only Documents that are Ordered Produced the Court in the *Goro* Case.**

In addition to quashing the subpoena, the Court should enter a protective order barring the disclosure or discovery of Defendants' confidential, proprietary, and trade secret information and documents from EY. As discussed above, the Subpoena is unreasonably over-broad and seeks information unrelated to the subject matter of the litigation; and, to the extent EY would have any potentially relevant documents, which is disputed, Plaintiff's counsel already possesses them.

Rule 26(c) provides that the Court, upon a showing of good cause, may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.... [by] forbidding the disclosure or discovery, or by 'forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matter.'" Fed. R. Civ. P. 26(c)). The rule specifies that the Court may enter a protective order regarding "confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G); *see also In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.,* 269 F.R.D. 360, 363 (S.D.N.Y. 2010). Courts have also found that there is good cause for entry of a protective order where information produced will ultimately be irrelevant to the litigation. *In re New York Racing Ass'n Inc.*, No. 06-12618 (JLG), 2016 WL 6081087, at *12 (Bankr. S.D.N.Y. Oct. 17, 2016)("[a]n overly broad request may justify issuance of a protective order precluding irrelevant discovery.")

11

Here, the documents and information sought are so highly confidential and proprietary, and so unrelated to the underlying litigation, an order designating these documents as confidential would not adequately protect Defendants' interests. Plaintiff's counsel has admitted the confidentiality of the information in other court filings. Tobin Decl. at ¶ 3. In addition, Plaintiff's counsel has already shown a propensity to violate protective orders in other cases. Tobin Decl. at ¶ 4. A protective order forbidding disclosure of the documents and information, or any deposition of EY, is necessary.

In the alternative, to the extent the Court requires Defendants to comply with the entirety or a portion of Plaintiff's Subpoena, because of the confidential, proprietary, and trade secret nature of the documents and information and the overly-broad scope of the Subpoena's requests (including but not limited to subsidiary-wide requests), the Court should order any production subject to the protective order in this case. However, despite being irrelevant, the New Revenue Standard Scoping Assessment and Considerations' memorandum already produced by Defendants, without all of the appendices, is the only document that should be ordered produced. In any event, EY should not be ordered to produce any more documents than the court orders produced as part of the pending motion in the *Goro* Case. Plaintiff cannot meet his burden of showing that there is good cause to compel the production of any of the other documents sought by the Subpoena.

## CONCLUSION

For the foregoing reasons, this Court should quash Plaintiff's subpoena to EY and enter a protective order precluding Plaintiffs from seeking discovery from EY.

Dated: New York, New York
November 1, 2018

>Respectfully submitted,
>
>OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
>
>By: /s/ *Christina M. Schmid*
>Christina M. Schmid
>599 Lexington Avenue, 17th Floor
>New York, New York 10022
>(212) 492-2500
>christina.schmid@ogletree.com
>*Attorneys for Petitioner-Defendants*
>*Flowers Foods, Inc. and Flowers*
>*Bakeries, LLC*

36202415.1