1
2
3
4
5
6
7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11 | SIMON GORO, an individual; TONY          Case No.:  17-CV-2580 JLS (JLB)
   | RUSSELL, an individual; REY PENA, an
12 | individual; JOSE PENA, an individual;    **ORDER: (1) GRANTING**
   | JEFF BELANDER, an individual; and        **DEFENDANTS' MOTION TO**
13 | GUISEPPE ZIZZO, an individual,           **DISMISS PLAINTIFFS' NINTH**
                                              **CAUSE OF ACTION; (2) GRANTING**
14                              Plaintiffs,   **PLAINTIFFS' REQUEST FOR**
                                              **LEAVE TO AMEND; AND**
15 | v.                                       **(3) DENYING AS MOOT MOTIONS**
                                              **FOR SUMMARY JUDGMENT**
16 | FLOWERS FOODS, INC.; a Georgia
17 | Corporation; FLOWERS BAKING CO.
   | OF CALIFORNIA, LLC, a California         (ECF No. 22)
18 | limited liability company; FLOWERS
   | BAKING CO OF HENDERSON, LLC, a
19 | Nevada limited liability company; and
20 | DOES 1 through 100, inclusive,
21
                               Defendants.
22

23        Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' ninth cause

24 of action for alleged violations of California's Private Attorney General Act of 2004

25 ("PAGA").  ("Mot.," ECF No. 22.)  Also before the Court is Plaintiffs' Opposition to,

26 ("Opp'n," ECF No. 34), and Defendants' Reply in support of, ("Reply," ECF No. 36), the

27 Motion.  After reviewing the parties' arguments and the law, the Court rules as follows.

28

                                              1

# BACKGROUND

Plaintiffs Simon Goro, Guiseppe Zizzo, Jeff Belander, Jose Pena, Rey Pena, and Tony Russell worked as distributors for Defendants Flowers Foods, Inc.; Flowers Baking Company of Henderson, LLC; and Flowers Baking Company of California, LLC.  First Amended Complaint ("FAC"), ECF No. 17 at 2.  All of Plaintiffs' claims stem from their allegation that Defendants intentionally misclassified them as independent contractors, instead of employees, in order to deny Plaintiffs the rights and benefits of employees, including overtime wages, rest and meal periods, payment for all time worked, accurate wage statements, indemnification for expenses, and protection from unlawful wage deductions.  *Id.* at 7-9.  According to Plaintiffs, this misclassification has led to violations of numerous sections of the California Labor Code; California's Industrial Wage Commission Wage Orders; and the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*, under which they seek relief.  *Id.* at 2-3.  Most relevant to the current motions, Plaintiffs also seek civil penalties for the alleged Labor Code violations as aggrieved employees under the California Private Attorneys General Act ("PAGA").  *Id.* at 16.

Defendants filed the instant motion to dismiss Plaintiffs' PAGA claim on multiple grounds on April 12, 2019.  ECF No. 22.  After the parties completed the initial briefing on the Motion, the Court granted a request for a continuance of the motion hearing so that the parties could meet and confer about the potential of Plaintiffs filing an amended complaint, which would have made the Motion moot.  *See* ECF No. 31.  Because the parties did not reach an agreement and Plaintiffs ultimately did not file an amended complaint, the Court allowed the parties to amend and refile their Opposition and Reply.  *Id.* Along with the amended Opposition, Plaintiffs attached the PAGA Notice Letter ("PAGA Notice") submitted to both the California Labor and Workforce Development Agency ("LWDA")

and Defendants.  *See* Declaration of Shaun Markley ("Markley Decl."), ECF No. 34-1.
Defendants also included the letter as an exhibit to their Reply.[1]  *See* ECF No. 36-2.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the
defense that the complaint "fail[s] to state a claim upon which relief can be granted,"
generally referred to as a motion to dismiss.  The Court evaluates whether a complaint
states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil
Procedure 8(a), which requires a "short and plain statement of the claim showing that the
pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual
allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-
harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to
provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a cause of action will not do."
*Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A
complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual
enhancement.'"  *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting
*Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible
when the facts pled "allow the court to draw the reasonable inference that the defendant is

---

[1] Defendants request the Court take judicial notice of the PAGA Notice attached to Plaintiffs' Opposition
as Exhibit A.  ECF No. 36-1.  The "incorporation by reference" doctrine permits the Court to take into
account documents "whose contents are alleged in a complaint and whose authenticity no party questions,
but which are not physically attached to the plaintiff's pleading."  *Knievel v. ESPN*, 393 F.3d 1068, 1076
(9th Cir. 2005) (internal citations and modifications omitted).  "Courts routinely take judicial notice of
PAGA notices at the motion to dismiss stage."  *Bush v. Vaco Tech. Servs., LLC*, No. 17-CV-05605-BLF,
2018 WL 2047807, at *4 (N.D. Cal. May 2, 2018).  Plaintiffs reference the PAGA Notice in their
complaint, and the contents "can be accurately and readily determined from sources whose accuracy
cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2).  Accordingly, the Court **GRANTS**
Defendants' request and takes judicial notice of the PAGA Notice.

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.*  (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.*  This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

Under California Labor Code section 2699(a), a civil penalty may "be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees." Cal. Lab. Code § 2699(a).  California Labor Code section 2699(c) defines an "aggrieved employee" as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."  Before a plaintiff may bring a PAGA claim, the plaintiff must "give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."  Cal. Lab. Code § 2699.3(a)(1)(A).  To satisfy these exhaustion requirements, Plaintiffs' Complaint must state "(1) when [Plaintiff] notified the LWDA about the ... violations, (2) what, if any, response [they] received from the LWDA, or (3) how long [they] waited before

commencing this action." *Varsam v. Lab. Corp. of Am.*, 120 F.Supp. 3d 1173, 1182–1183 (S.D. Cal. 2015) (quoting *Kemp v. Int'l Bus. Machines Corp.*, No. C-09-4683 MHP, 2010 WL 4698490, at *3 (N.D. Cal. Nov. 8, 2010)).

Defendants argue that Plaintiffs' PAGA cause of action fails for three reasons: (1) Plaintiffs fail to define the group of allegedly "aggrieved employees" in the First Amended Complaint; (2) Plaintiffs fail to allege the undefined group of "aggrieved employees" suffered Labor Code violations; and (3) Plaintiffs did not show that they complied with the PAGA pre-filing administrative exhaustion requirements.  Mot. at 2. Plaintiffs do refute any of these arguments.  Instead, they request leave to amend their Complaint, arguing that all of these alleged failings are easily curable.  Opp'n at 7.

The Court agrees with Defendants that the ninth cause of action in Plaintiffs' FAC fails to state a claim.  Nowhere in the FAC do Plaintiffs sufficiently define the scope of the "aggrieved employees" on behalf of which Plaintiffs bring the PAGA claims.  The FAC also lacks any factual detail supporting the alleged violations.  Finally, Plaintiffs did not show that they met the PAGA exhaustion requirements in Section 2699.3(a)(1). Ultimately, these deficiencies convince the Court that Plaintiffs fail to state an adequate PAGA claim.  *See Jeske v. Maxim Healthcare Servs., Inc.*, No. CV F 11-1838-LJO-JLT, 2012 WL 78242, at *13 (E.D. Cal. Jan. 10, 2012) (dismissing PAGA claim because plaintiffs complaint "fail[ed] to identify how particular aggrieved employees were subject to particular violations").  Therefore, the Court **GRANTS** Defendants' Motion to Dismiss.

The Court must now turn to the question of whether leave to amend is appropriate. When determining whether to grant leave to amend, Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Defendants contend that leave to amend would be futile in this case, arguing that the contents of the PAGA Notice are deficient and therefore it would be impossible for Plaintiffs to amend the ninth cause of actions and cure the deficiencies.  *Id.*  Plaintiffs, on the other hand, argue that the PAGA Notice meets all of the administrative exhaustion

///

requirements and that, by amending their Complaint, they can easily cure any deficiencies. Opp'n at 6.

Whether leave to amend would be futile in this case depends largely on whether the PAGA Notice meets the statutory exhaustion requirements. In the PAGA Notice, Plaintiffs include factual detail about the Defendants' business operations, Plaintiffs' basic job duties, and Plaintiffs' wages compared to the hours they worked. PAGA Notice, at 2-3. With regard to who the "aggrieved employees" are, the Notice describes Plaintiffs as "distributors," states that Defendants "classified [them] as independent contractors," and notes that Plaintiffs work in the San Diego warehouses or in Southern California generally. *Id.* at 2. The PAGA Notice also makes clear Plaintiffs' contention that, despite Defendants classifying them as independent contractors, Plaintiffs are really employees of Defendants. *Id.* at 3 n.1.

The Court finds that the detailed facts included in the PAGA Notice "provide[d] sufficient information to permit [Defendants] to determine what policies or practices [Plaintiffs] complained of" as required in Section 2699(a)(1). *See Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1057 (9th Cir. 2015). The PAGA Notice included facts supporting each of the labor violations they complain of in the FAC. *Cf id.* (finding notice letter insufficient were plaintiff merely provided "a string of legal conclusions with no factual allegations or theories of liability to support them"). On balance, there is sufficient factual detail in the PAGA Notice to meet the requirements of section 2699.3(a)(1). *See Home Depot U.S.A., Inc. v. Super. Ct.*, 191 Cal. App. 4th 210, 224 (2010) (instructing that, under California law, PAGA should be construed liberally in favor of employees). The Court therefore **GRANTS** Plaintiffs' request for leave to amend the operative complaint. This leave is limited to the ninth cause of action.

Based on the foregoing, the Court:

1.  **GRANTS** Defendants' Motion to Dismiss, (ECF No. 22), and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' ninth cause of action.

2.  **GRANTS** Plaintiffs leave to file an amended complaint. Any amendments

are limited only to Plaintiffs ninth cause of action.  Plaintiffs must file their amended Complaint <u>within seven days of the electronic docketing of this Order</u>.

    3.      **DENIES AS MOOT** the parties cross-motions for summary judgment, (ECF Nos. 78, 81), **WITHOUT PREJUDICE** and **VACATES** the hearing scheduled for January 31, 2019.

    4.      **VACATES** the scheduled pretrial conference.  The Court will reschedule the pretrial conference after the motions for summary judgment are refiled and decided.

    **IT IS SO ORDERED**.

Dated:  January 8, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

7

17-CV-2580 JLS (JLB)