Frank L. Tobin CA Bar No. 166344
frank.tobin@ogletree.com
Clint S. Engleson CA Bar No. 282153
clint.engleson@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA  92122
Telephone:  858-652-3100
Facsimile:   858-652-3101
Kevin Hishta (*Pro Hac Vice*)
kevin.hishta@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA  30303
Telephone:  404.881.1300
Facsimile:   404.870.1732

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON GORO, an individual; TONY RUSSELL, an individual; REY PENA, an individual; JOSE PENA, an individual; JEFF BELANDER, an individual; GUISEPPE ZIZZO, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> FLOWERS FOODS, INC., a Georgia corporation; FLOWERS BAKING CO. OF CALIFORNIA, LLC, a California limited liability company; FLOWERS BAKING CO. OF HENDERSON, LLC, a Nevada limited liability company; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 17-CV-02580-JLS-JLB <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISPUTED DOCUMENTS AND FOR SANCTIONS** <br><br> [NO ORAL ARGUMENT WITHOUT FURTHER ORDER FROM THE COURT] <br><br> Complaint Filed:   December 13, 2017 <br> Trial Date:          Not Set |

39006034_1.docx

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISPUTED DOCUMENTS AND FOR SANCTIONS

# I.    <u>INTRODUCTION</u>

Plaintiffs filed a Motion to Compel Disputed Documents. (Doc. 130.) The plaintiffs in *Ludlow v. Flowers Foods, Inc.*, case no. 18-cv-01190-JLS-JLB, filed the exact same Motion, seeking the exact same documents. But the discovery requests at issue in the two cases, as well as the named Defendants, are different and cannot be conflated. Defendants will address the requests in the context of the cases in which they were propounded. When the issues are disentangled, Plaintiffs' arguments and accusations fall apart.

There are four requests in dispute in this case (the "Requests"). RFP No. 5 sought all documents that "relate to California Labor Code claims brought by distributors" against Defendants in the last five years. RFP Nos. 3, 18, and 19 sought all documents "relating to" or "reflecting" any decision to classify distributors as independent contractors, as well as any "opinions" on the issue. All Defendants served objections only in response to RFP Nos. 5, 18, and 19. Defendant Flowers Baking Company of Henderson, LLC ("FBC of Henderson") objected to RFP No. 3, but responded it would produce the two documents it understood to be responsive to the request. Now, over 10 months after the last responses were served, Plaintiffs move to compel. They claim "new evidence" proves Defendants withheld privileged documents but failed to serve a privilege log. They further claim Defendants waived any such privilege by failing to provide a privilege log and by pleading "good faith" affirmative defenses. None of Plaintiffs' arguments has merit. Their Motion must be denied on the following grounds:

*First*, Plaintiffs' dispute is untimely. Plaintiffs raised RFP Nos. 5, 18, and 19 with the Court during two informal discovery conferences last year, *then failed to timely move to compel*. They now argue "new evidence" surfaced showing Defendants withheld responsive documents on the basis of privilege. For proof, they point to documents inadvertently produced and clawed back in an unrelated securities class action ("Securities Litigation"). Those documents are not responsive.

*Second*, Defendants did not waive any privilege associated with the Securities Litigation documents by failing to provide a privilege log in this case. All Defendants provided objections only to RFP Nos. 5, 18, and 19. Those requests are broken and do not trigger the need for a privilege log. Further, during the meet and confer process, Plaintiffs confirmed they were *not* seeking post-litigation work product and attorney-client privileged materials. And because the Securities Litigation documents are indisputably post-litigation work product and attorney-client privileged materials, they are not responsive to any of the Requests.

*Third*, Defendants' "good faith dispute" affirmative defense cannot waive any privilege associated with the Securities Litigation documents. That defense does not implicate attorney-client privileged communications or attorney work product. Rather, it is based on the *objective* existence of "a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee." Cal. Code Regs. tit. 8, § 13520. Defendants have amply demonstrated the existence of such a defense through favorable judicial decisions, Labor Commissioner rulings, and IRS treatment of Distributors as independent contractors. Thus, adjudication of Defendants' "good faith dispute" defense does not implicate the Securities Litigation documents or any other privileged material.

## II.   FACTUAL BACKGROUND AND REQUESTS IN DISPUTE

### A.   California Is Unique Compared with Other Flowers Markets

In 2008, Flowers entered the California market when it purchased Holsum Bakery of Phoenix ("Holsum"). (Exhibit A [Depo. Tr. of Chuck Rich] at 135:10-12.) Prior to the acquisition, Holsum used an independent contractor model to distribute its baked goods in California. (*Id*. at 136:22 – 137:24.) The independent contractor distributor agreement created by Holsum remained in effect in California after the acquisition, until 2013. (*Id*. at 135:13 – 136:8.) At that time, Flowers drafted a new independent contractor distributor agreement, as opposed to using a preexisting agreement that it had used in other parts of the country. (*Id*. at 138:1-10.) In

39006034_1.docx

Case No. 17-CV-02580-JLS-JLB

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISPUTED DOCUMENTS AND FOR SANCTIONS

California, the two documents that define the relationship between distributors and the Flowers subsidiary they contract with are the subsidiaries' franchise disclosure document and the distributor agreement. (*Id*. at 145:1-7.)

**B.** **Plaintiffs Informally Raised the Disputed Requests in 2018, then Failed to Timely Move to Compel**

RFP Nos. 3 and 5 were served on March 1, 2018. Defendants served responses on April 30, 2018. All Defendants objected to these requests on the following grounds: vague and ambiguous, overbreadth, relevance, unduly burdensome and harassing, and calls for attorney-client privileged information and work product. Subject to these objections, FBC of Henderson also responded to RFP 3 as follows: "Defendant will produce relevant, non-privileged documents in its custody or control that may be responsive to this request to the extent this request pertains to Plaintiffs."

On June 21, 2018, the Court held an informal discovery conference regarding RFP No. 5, among others. (Doc. 40; Exhibit B.) Following the Court's input on RFP No. 5 during the informal discovery conference, Plaintiffs did not further pursue it. (Declaration of Frank L. Tobin ("Tobin Decl.") ¶ 3.) Following the conference, Plaintiffs moved to compel further responses to interrogatories seeking distributors' contact information. (Doc. 43.) They did *not* move to compel documents in response to RFP Nos. 3 or 5. (*Id*.)

RFP Nos. 18 and 19 were served on July 5, 2018. Defendants served responses on August 15, 2018. Defendants objected to RFP Nos. 18 and 19 on the following grounds: vague and ambiguous, overbroad as to time and scope, unintelligible, relevance and proportionality, unduly burdensome, and calls for attorney-client privileged information and work product.

On September 28, 2018, the Court held an informal discovery conference regarding RFP Nos. 18 and 19, among others. (Doc. 58; Exhibit C.) Following the conference, Plaintiffs did *not* move to compel responsive documents.

/ / /

39006034_1.docx

3                    Case No. 17-CV-02580-JLS-JLB
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISPUTED DOCUMENTS AND FOR SANCTIONS

## C. The Securities Litigation Does Not Involve Any Decision to Classify Distributors in California as Independent Contractors

Defendant Flowers Foods, Inc. ("Flowers") is a party in an unrelated securities class action lawsuit in Georgia (the "Securities Litigation"). The plaintiff in the Securities Litigation alleges violations of the Securities Exchange Act of 1934 and Securities and Exchange Commission rules. *See* In Re Flowers Foods, Inc. Securities Litigation, Middle District of Georgia case no. 16-cv-0222-WLS at ECF No. 56 ("Consolidated Class Action Complaint"). The plaintiff alleges that Flowers' direct store delivery ("DSD") model "was based on knowingly and improperly classifying its distributors as independent contractors." *Id.* at ¶ 12. He claims that, "[a]round 1983, Flowers began re-classifying the employee delivery drivers of its then-approximately 40 bakery subsidiaries as independent contractor 'distributors.'"

The plaintiff contends distributors were misclassified based on statements allegedly made by Flowers' former CFO, Jimmy Woodward, who left the company in *2007*. *Id.* at ¶ 35. The Securities Litigation is not based on any decision to classify California distributors as independent contractors. Rather, it involves Flowers' independent distributor model, which Flowers began implementing in 1983 to begin classifying distributors as independent contractors, and centers on allegations that Flowers allegedly made numerous false statements and omissions when they referred to distributors and related risks. Far removed from 1983 and the allegations in that case, Flowers did not enter the California market until 2008, when it acquired Holsum and that company's independent contractor DSD network. (Exhibit A at 138:1-10.) And the allegations here are limited to the classification of California distributors as independent contractors, which is a distinct issue from what occurred in 1983 or alleged shareholder risks.

## D. The "Disputed Documents" Do Not Address Any Decision to Classify California Distributors as Independent Contractors

Plaintiffs seeks two documents inadvertently produced and then clawed back

in the Securities Litigation. Those documents are quarterly meeting materials packets from 2016 prepared with the involvement of counsel and circulated among client personnel, with redacted portions prepared by Flowers attorneys in anticipation of litigation and reflecting the mental impressions, opinions and legal advice, including legal strategy, of Flowers attorneys regarding known or anticipated litigation. (Declaration of Frank Tobin ("Tobin Decl."), ¶ 7; Exhibit D [Privilege Log identifying clawed-back documents].) Such documents do not involve any "decision" to classify distributors—inside or outside of California—as independent contractors. (Exhibit D.) Defendants provided Plaintiffs with a privilege log identifying these clawed-back documents. (*Id.*)

Flowers produced approximately 31,377 documents totaling 363,294 pages in the Securities Litigation. (Tobin Decl. ¶ 5.) Flowers withheld approximately 6,688 documents and redacted approximately 560 documents on the basis of privilege in the Securities Litigation. (*Id.*) The withheld and redacted documents fall into broad categories. (*Id.*) Flowers produced four privilege logs in the Securities Litigation, identifying thousands of documents, and prepared additional logs that were not produced due to the stay of discovery and settlement in principle of that case. (*Id.*)

## III.   PLAINTIFFS' DISPUTE IS UNTIMELY

All Defendants provided objections only to RFP Nos. 5, 18, and 19. The Court addressed these requests in discovery conferences held in June and September 2018. (Doc. 40, 58; Exhibits B, C.) Plaintiffs failed to move to compel documents responsive to RFP Nos. 5, 18 or 19. Any such motions would have been due well over six months ago.

Plaintiffs likewise failed to move to compel documents responsive to RFP 3. FBC of Henderson objected to this request but produced the two documents it understood to be responsive: the Distributor Agreement and Franchise Disclosure Document. Flowers Foods, Inc. provided objections only. During meet and confer efforts, Plaintiffs' counsel repeatedly confirmed they were not seeking post-litigation

39006034_1.docx

work product or attorney-client privileged documents through RFP 3 or any other request. (*See* Declaration of Shaun Markley (Doc. 130-2), ¶ 6.) Based on these assurances, Defendants understood the Distributor Agreement and Franchise Disclosure Document were the only two documents responsive to RFP 3. And, after the June 2018 discovery conference, Plaintiffs failed to move to compel further documents in response to RFP 3.

Plaintiffs cannot reverse course now and claim they sought post-litigation work product and attorney-client privileged documents—such as the Securities Litigation documents—in response to any of the Requests. Plaintiff counsel's declaration in support of the instant Motion confirms this was never the case. (Markley Decl. ¶ 6.) Thus, the Securities Litigation documents were never sought in this action. Even if they were, Plaintiffs never moved to compel their production. The instant Motion is untimely and concededly baseless.

## IV.   THE "DISPUTED DOCUMENTS" ARE NOT RESPONSIVE TO PLAINTIFFS' REQUESTS AND ARE IRRELEVANT TO THIS CASE

As set forth above, the clawed-back Securities Litigation documents have nothing to do with any decision to classify California distributors as independent contractors. The documents were prepared by Flowers' legal department in 2016, with input from outside counsel, and contain the impressions of both in-house and outside counsel regarding litigation and other matters. (Exhibit D.) They are privileged and the definition of attorney work product. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). Because Plaintiffs' counsel admits no such post-litigation work product or privileged documents were sought in this case, the Securities Litigation documents are indisputably not responsive to any of the disputed Requests.

## V.   FLOWERS DID NOT WAIVE PRIVILEGE BECAUSE NO PRIVILEGE LOG WAS NECESSARY

Plaintiffs argue Defendants waived privilege by failing to log the Securities Litigation documents when responding to the Requests. But Defendants objected to

RFP Nos. 3, 5, 18, and 19 on multiple grounds—not just privilege and FBC of Henderson produced the two documents it understood to be responsive to RFP 3. RFP Nos. 3, 5, 18, and 19 are vague and disproportionate to the needs of this case. Even assuming Plaintiffs' dispute is timely, Defendants were not required to produce a privilege log because RFP Nos. 3, 5, 18, and 19 are broken for multiple reasons.

Rule 34(b)(1)(A) requires that a party requesting production of documents "must describe with reasonable particularity each item or category of items to be [produced]." "The test for reasonable particularity is whether the request places a party upon 'reasonable notice of what is called for and what is not.'" *Bruggeman v. Blagojevich*, 219 F.R.D. 430, 436 (N.D. Ill. 2004); *see also Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649-50 (10th Cir. 2008). Sweeping, "all-encompassing" requests do not meet Rule 34's "reasonable particularity" requirement. *Moser v. Health Ins. Innovations, Inc.*, No. 17CV1127-WQH(KSC), 2018 WL 6078308, at *4 (S.D. Cal. Nov. 20, 2018); *see also, Regan-Touhy v. Walgreen Co.*, 526 F.3d at 649-650 (10th Cir. 2008); *In re Asbestos Prod. Liab. Litig. (No. VI)*, 256 F.R.D. 151, 157 (E.D. Pa. 2009).

Where, as here, a party serves broken requests for production, it is neither the responding party's—nor the Court's—obligation to rewrite the requests in an attempt to determine whether responsive documents exist. *Medicinova Inc. v. Genzyme Corp.*, No. 14CV2513-L(KSC), 2017 WL 2829691, at 6 (S.D. Cal. June 29, 2017); *see also Kilby v. CVS Pharmacy, Inc.*, No. 09CV2051-MMA(KSC), 2017 WL 1424322, at 4 (S.D. Cal. Apr. 19, 2017); *Sanchez Ritchie v. Sempra Energy*, No. 10CV1513-CAB(KSC), 2015 WL 12914435, at 3 (S.D. Cal. Mar. 30, 2015).

Here, RFP Nos. 3, 5, 18, and 19 fail to meet Rule 34's "reasonable particularity" requirement. They are sweeping, all-encompassing requests that are not tailored to the claims or defenses in this case. RFP 3 seeks all documents "that relate to the initial decision and any subsequent reconsideration of the decision to classify Plaintiffs and similarly situated individuals in California as not employees."

39006034_1.docx

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISPUTED DOCUMENTS AND FOR SANCTIONS

RFP 5 seeks all documents "that relate to California Labor Code claims brought by distributors…" RFP Nos. 18 and 19 seek, without geographic or temporal limits, all documents "reflecting" or "relating" to the decision to classify distributors as independent contractors. These requests are patently vague and overbroad.

Plaintiffs nonetheless argue Defendants should have moved for a protective order in response to such broken requests. This is absurd. Defendants do not have an obligation to move for a protective order every time Plaintiffs serve a broken request for production. They may object to the broken request, at which point "it is Plaintiff's burden in his motion to compel to demonstrate why the objections is not justified." *Lemons v. Camarillo*, No. 14-CV-2814-DMS (DHB), 2017 WL 4700074, at *1 (S.D. Cal. Oct. 19, 2017). Plaintiffs' RFP Nos. 3, 5, 18, and 19 are vague, ambiguous, and overbroad to the point of absurdity. The Court should not rewrite these requests to encompass some set of documents that were never identified.

## VI.   DEFENDANTS' "GOOD FAITH" AFFIRMATIVE DEFENSE DOES NOT IMPLIEDLY WAIVE PRIVILEGE

As a final attempt to invade the Defendants' privilege, Plaintiffs inappropriately assert that Defendants' good faith defenses waive the privilege over the disputed documents. Plaintiffs are wrong and have made no showing of waiver.

Plaintiffs argue this Circuit applies a three-part test for implied waiver of privilege in this area. *United States v. Amlani*, 169 1189, 1195 (9th Cir. 1999). Plaintiffs then take a giant leap by arguing that Defendants put the "good faith belief, through the mental state of its senior executives at issue (3) such that Plaintiffs need to see what Flowers executives, including Mr. Rich, actually knew about the state of the law." (Dkt. No. 130-1 at p. 10, lines 3-7.) This is a gross mischaracterization.

### A.   Third Party Decisions Are Relevant to Defendants' "Good Faith Defense," Not What Flowers Executives Knew About the Law

Plaintiffs make several penalty claims which require them to prove Defendants willfully violated certain statutes.   Even if Plaintiffs could establish they were

39006034_1.docx

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISPUTED DOCUMENTS AND FOR SANCTIONS

misclassified, which they cannot, these penalty claims fail as a matter of law because Plaintiff cannot show that Defendants willfully violated the statutes.

Although Plaintiffs seek statutory penalties, the existence of <u>a good faith dispute</u> on whether Plaintiffs are subject to these statutes precludes a finding that Defendants acted with requisite scienter. The issue is not the mental state of Defendants' executives. Under the California statutes at issue, a good-faith dispute exists:

> [W]hen an employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee. The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist. Defenses presented which, under all the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith will preclude a finding of a "good faith dispute."

Cal. Code Regs. tit. 8, § 13520; *Hurst v. Buczek Enters., Inc.*, 870 F. Supp 2d 810, 829 (N.D. Cal. 2012).

Defendants will prove at trial that Plaintiffs were properly classified as independent contractors. But even at this stage of the proceedings, it is clear Defendants did not willfully misclassify Plaintiffs, as shown by third-party judicial and administrative decisions concluding that Distributors are independent contractors under Flowers' distributorship model (and under similar models in the baking industry), IRS treatment of Distributors as independent contractors, previous litigation, and the ongoing efforts made by Flowers to maintain the independent-contractor business model.

The relevant inquiry is illustrated by *Villalpando v. Exel Direct Inc.*, No. 12-cv-04137-JCS, 2015 WL 5179486 (N.D. Cal. Sept. 3, 2015). In *Villalpando*, the court granted the defendants' summary judgment motion as to the section 226 claim, even after finding misclassification. 2015 WL 5179486 at *37. In doing so, the court observed that even though the drivers were misclassified, "[t]ruck drivers who owned their own trucks have been found to be independent contractors in a variety of

39006034_1.docx

contexts." *Id*. Due to such independent authority, the court found it was not unreasonable for the defendants to classify its drivers as independent contractors. *Id*.

When evaluating the good faith defenses, the trier of fact will look to independent third party decisions upholding the independent contractor model. Because such decisions establish the defense, the mental state of Defendants' executives, let alone any post-litigation legal advice is irrelevant.

### B.   Plaintiffs Fail to Meet Their Burden to Show "Vital" Information

Even if any legal advice was at issue, which it is not, Plaintiffs have not shown any legal advice is "vital" to their opposition.

"Privileged communications do not become discoverable simply because they are related to issues raised in the litigation."  Southern California Gas Co. v. Public Utilities Comm'n, 784 P.2d 1373, 1381 (Cal.1990).  When the evidence in question is only "'one of several forms of indirect evidence' about an issue," there is no waiver.  Hamilton v. Lumsden, 93 F.3d 648, 653 (9th Cir. 1996) (per curiam) (quoting Rockwell Int'l Corp. v. Superior Court, 26 Cal.App.4th 1255, 1268 (1994) (quoting Mitchell v.Superior Court, 37 Cal.3d 591 (1984).

Plaintiff has broadly asserted implied waiver without explaining why any privileged information is "vital" to their opposition.  Even though not relevant, Plaintiffs do not even try to explain why the privileged information they seek to invade is vital or why the discovery they have already taken is inadequate. Their implied waiver argument fails on this basis as well.

## VII.   CONCLUSION

Based on the foregoing, Plaintiffs' Motion should be denied.

DATED:  June 24, 2019

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  /s/ *Frank L. Tobin*
Frank L. Tobin
Attorneys for Defendants

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISPUTED DOCUMENTS AND FOR SANCTIONS

39006034_1.docx

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Notice of Electronic Filing.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 24, 2019.


By:  /s/ *Frank L. Tobin*
          Frank L. Tobin

39006034_1.docx

Case No. 17-CV-02580-JLS-JLB

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISPUTED DOCUMENTS AND FOR SANCTIONS