UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON GORO, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>FLOWERS FOODS, INC., et al.,<br><br>                              Defendants. | Case No.: 17-cv-02580-JO-JLB<br><br>**ORDER DENYING DEFENDANTS' EX PARTE APPLICATION TO AMEND SCHEDULING ORDER TO ADD EXPERT WITNESS**<br><br>**[ECF No. 229]** |

Before the Court is Defendants' *Ex Parte* Application to Amend the Scheduling Order wherein Defendants' include a motion for leave to add expert witness Basil Imburgia to their expert witness disclosures (the "Motion"). (*See* ECF No. 229.) Plaintiffs filed an opposition thereto on February 8, 2022. (ECF No. 232.) Defendants filed a reply on February 11, 2022. (ECF No. 233.) The Court finds this motion suitable for ruling on the papers pursuant to Civil Local Rule 7.1(d). For the reasons discussed below, this Court **DENIES** the Motion.

### I. BACKGROUND

This case centers around Plaintiffs' allegation that Defendants willfully misclassified them and their distributor co-workers as independent contractors rather than

employees. Plaintiffs allege violations of California law stemming from their alleged misclassification. (*See* ECF No. 95 ¶¶ 28–74.)

In response to Plaintiffs' claims, Defendants deny misclassification and assert a good faith affirmative defense, arguing that they "acted in good faith and had reasonable grounds for believing that they did not violate" California or federal law. (ECF No. 98 at 15–16.)

Defendants removed this action from state court on December 18, 2017. (ECF No. 1.) Following a case management conference, Magistrate Judge Jill L. Burkhardt issued a Scheduling Order setting April 13, 2018 as the deadline to designate expert witnesses. (ECF Nos. 13; 14.) On April 22, 2018, the parties sought an extension of the deadline for producing expert witness reports, at the same time confirming for the Court their intent to comply with the scheduling deadline for designating expert witnesses. (ECF No. 20 at 2 ¶¶ 5, 6.) The Court granted that, and numerous subsequent requests to extend the deadline for producing expert reports and/or completing expert discovery. (ECF Nos. 21; 35; 49; 52; 59.) On November 2, 2018, the Court granted one last extension of time to complete any expert discovery by November 8, 2018. (ECF No. 73 at 2.) At no time did either party request an extension or re-opening of the expert *designation* deadline.

Long after the close of expert discovery, District Judge Janis L. Sammartino granted Defendants' Motion to Stay on February 18, 2020. (ECF No. 166.) The stay was lifted on January 29, 2021. (ECF No. 169.)

The instant dispute involves Defendants' *Ex Parte* Application to Amend Scheduling Order filed on February 1, 2022. (ECF No. 229.) Defendants' *ex parte* application consisted of four requests: (1) for the Court to set a briefing schedule regarding whether the ABC Test applies to Plaintiffs' PAGA claims; (2) for the Court to set a briefing schedule regarding whether a Joint Employer Test should be applied to Defendant Flower Foods, Inc.; (3) leave to add expert witness Basil Imburgia to their Expert Witness Disclosures; and (4) leave for an amendment to the Scheduling Order to allow the currently designated experts to update their reports before any trial. (*Id.* at 3.) Defendants' motion to allow the experts to update their reports was unopposed. (*Id.*)

Upon review of Defendants' Application (ECF No. 229) and related filings (*see* ECF Nos. 225; 226), the Court determined that only Defendants' third and fourth requests within their application were properly before Judge Burkhardt. (ECF No. 230.) Accordingly, the Court granted Defendants' unopposed motion to allow the experts to update their reports and issued a briefing schedule regarding Defendants' motion for leave to add expert witness Basil Imburgia to their Expert Witness Disclosures. (*Id.*)

## II.   LEGAL STANDARD

Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit has explained the good cause requirement as follows:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted).

Parties must therefore "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). In addition, when deciding whether to amend a pretrial scheduling order, a court considers the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court,

5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) (citation omitted), vacated on other grounds, 520 U.S. 939 (1997)).

## III.   DISCUSSION

Defendants ask the Court to permit them to disclose Basil Imburgia as an accounting expert witness over three years after the Court's April 13, 2018 deadline to designate expert witnesses. (ECF Nos. 229 at 5; 233 at 5–6.) Defendants assert that good cause exists for the late disclosure of Mr. Imburgia because "there is still time for the . . . request[] to be added to the current schedule" and "Plaintiff[s] will not be prejudiced . . . especially when pre-trial disclosure requirements have not occurred." (ECF No. 229 at 5–6.) In addition, Defendants argue that they should be allowed to add Mr. Imburgia as an expert witness because discovery is being shared in this case and the related case of *Ludlow v. Flowers Foods, Inc., et al.*, Case No. 18-cv-01190-JO-JLB ("*Ludlow*"), and because "Plaintiffs have been aware of Mr. Imburgia's involvement in these matters and the opinions that he has expressed for many months now." (*Id.*)

In their opposition, Plaintiffs argue that Defendants have not been diligent, and their request to add Mr. Imburgia as an expert witness should be denied because they lack "any explanation why [Defendants] waited so long to attempt to modify the scheduling order, or why [they were] precluded from doing so earlier in time." (ECF No. 232 at 7.) In support of this argument, Plaintiffs also assert that the "facts in this case show that accounting issues were a central part of this case since mid-2018" and that Defendants "advised the Court [they] would seek an order modifying the schedule to add an accounting expert in the 'near future' but then waited a year after that to actually move for such relief." (*Id.*)

In their reply, Defendants reassert the arguments in their Motion and contend that "Plaintiffs focus on diligence, not prejudice. That is because there is no prejudice. There

is no trial date. Mr. Imburgia only makes a few points. Plaintiffs have been on notice of his opinion for months and could have conducted discovery. They did not and do not explain why." (ECF No. 233 at 6.)

The Court finds that Defendants were not diligent in their pursuit of adding Mr. Imburgia as an expert witness in this case and the circumstances before the Court do not demonstrate good cause to permit the disclosure of Mr. Imburgia as an expert witness now. Notably, and as Plaintiffs highlight in their opposition, Defendants stated in a Joint Status Report filed after the stay in this case was lifted that they intended "in the near future to seek leave to add another expert on accounting, financial and consolidated financial statement issues." (ECF Nos. 232 at 7–8; 174 at 7.) Defendants have offered no explanation for their failure to designate an accounting expert before the April 13, 2018, expert designation deadline, much less their failure to endeavor to designate him in the almost four years since. Particularly puzzling—and unexplained—is Defendants' delay of almost a year after notifying Plaintiffs and the Court of their then-imminent intent to belatedly request to add an accounting expert. Defendants seemingly ignore the Ninth Circuit's standard for good cause and argue only that they should be allowed to add Mr. Imburgia as an expert witness because "there is not prejudice." (ECF No. 233 at 6.) But Plaintiffs argue that they will in fact be prejudiced because "[t]he parties are preparing pretrial filings and working to get this case ready for trial." (ECF No. 232 at 9.)

Defendants rely on *Prest v. Jermstad*, No. 07cv1771 WQH (BLM), 2009 WL 10671340 (S.D. Cal. Jan. 15, 2009) in contending that "Courts have found it appropriate to allow an expert witness to be added to the disclosure past the deadline." (ECF Nos. 229 at 6; 233 at 7.) Defendants argue that "[j]ust like in *Prest*, pretrial deadlines have not occurred nor has any trial date been set." (ECF No. 233 at 7.) While it's true that a trial date has yet to be set and pretrial deadlines have yet to occur in this case, that's where the similarity to *Prest* ends. As Plaintiffs point out in their opposition, *Prest* involved considerably different factual circumstances. (ECF No. 232 at 8–9.) In *Prest*, plaintiff's counsel was "a sole practitioner" and "his work flow ha[d] been impacted due to his poor health." *Prest*,

2009 WL 10671340, at *2. In addition, plaintiff filed his motion for leave to amend his expert witness list on December 3, 2008—less than six months after the deadline for expert disclosures. *Id.* at *1. Here, Defendants do not offer the Court any similar circumstances to justify their substantial, over three-year, delay in requesting to add Mr. Imburgia to their expert witness disclosures.

Based on the foregoing, the Court finds that Defendants were not diligent in pursuing their request to add Mr. Imburgia to their expert witness disclosures before the Court-ordered deadline. As the Ninth Circuit has stated, "[i]f [the moving] party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. However, consideration of the other factors identified by the Ninth Circuit leads the Court to the same conclusion. The Final Pretrial Conference in this matter is presently set for May 11, 2022. (ECF No. 226.) The request is opposed by Plaintiffs. (ECF No. 232.) In addition, the need to disclose an accounting expert was not only foreseeable to Defendants, but it was specifically identified and forecast by Defendants almost a year ago. (*See* ECF No. 174 at 7.)

### IV.   CONCLUSION

For failure to set forth good cause, Defendants' motion for leave to add expert witness Basil Imburgia to their expert witness disclosures is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 22, 2022

Hon. Jill L. Burkhardt
United States Magistrate Judge