# EXHIBIT 1

Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Shaun Markley (SBN 291785)
NICHOLAS & TOMASEVIC, LLP
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: smarkley@nicholaslaw.org

Attorneys for Plaintiffs SIMON GORO;
TONY RUSSELL; REY PENA; JOSE PENA;
JEFF BELANDER; and GUISEPPE ZIZZO

[*Additional Counsel Below*]

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON GORO, an individual; TONY RUSSELL, an individual; REY PENA, an individual; JOSE PENA, an individual; JEFF BELANDER, an individual; GUISEPPE ZIZZO, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> FLOWERS FOODS, INC., a Georgia corporation; FLOWERS BAKING CO. OF CALIFORNIA, LLC, a California limited liability company; FLOWERS BAKING CO. OF HENDERSON, LLC, a Nevada limited liability company; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 3:17-cv-02580-JO-JLB <br><br> **PAGA SETTLEMENT AND RELEASE AGREEMENT** <br><br> Complaint Filed:   December 13, 2017 <br> Trial Date:              October 24, 2022 <br><br> District Judge:  Hon. Jinsook Ohta <br> Magistrate Judge: Hon. Jill L. Burkhardt |

Frank L. Tobin CA Bar No. 166344
frank.tobin@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA  92122
Telephone:  858-652-3100
Facsimile:  858-652-3101

Kevin P. Hishta (*Pro Hac Vice*)
kevin.hishta@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA  30303
Telephone:  404-881-1300
Facsimile:  404-870-1732

Jared L. Palmer, CA Bar No. 287974
jared.palmer@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:  415-442-4810
Facsimile:  415-442-4870

Alexander M. Chemers, CA Bar No. 263726
alexander.chemers@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 S. Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:  213-239-9800
Facsimile:  213-239-9045

Margaret Santen (Hanrahan) *(Pro Hac Vice)*
maggie.Santen@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone:  704-342-2588
Facsimile:  704-342-4379

Attorneys for Defendants FLOWERS FOODS, INC.,
FLOWERS BAKING CO. OF CALIFORNIA, LLC, and
FLOWERS BAKING CO. OF HENDERSON, LLC

Plaintiffs Simon Goro, Tony Russell, Ray Pena, Jose Pena, Jeff Belander and Guiseppe Zizzo (collectively, "Plaintiffs"), individually and in their capacity as representatives of the State of California on behalf of other PAGA Settlement Members, and Defendants Flowers Foods, Inc., Flowers Baking Co. of California, LLC and Flowers Baking Co. of Henderson, LLC (collectively, "Defendants"), enter into this PAGA Settlement and Release Agreement ("Agreement") as follows:

## 1.    **DEFINITIONS**

As used in this Settlement, these terms shall have these meanings:

"Action" means this action, entitled *Goro, et al. v. Flowers Foods, Inc., et al.*, removed to federal court on December 28, 2017, and which is pending in United States District Court for the Southern District of California, Case No. 17-CV-02580-JO-JLB. The Second Amended Complaint is the operative Complaint in the Action.

"Administrator" or "Settlement Administrator" means ILYM Group, Inc., the neutral entity the Parties have agreed to appoint to administer the Settlement.

"Agreement" means this PAGA Settlement and Release Agreement including all recitals and attached exhibits.

"Court" means the United States District Court for the Southern District of California.

"Defendants" means Flowers Foods, Inc., Flowers Baking Co. of California, LLC and Flowers Baking Co. of Henderson, LLC.

"Defense Counsel" means Frank L. Tobin, Kevin P. Hishta, Jared L. Palmer, Alexander M. Chemers, and Margaret Santen of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

"Effective Date" of this Agreement means the date when both of the following have occurred: (i) the Court issues an order granting approval of the Settlement, and the Action is dismissed with prejudice, and (ii) the Court's order approving the Settlement becomes Final.

"Final" shall mean the latest of: (i) if there are no objections to the Settlement,

the date that approval of the Settlement is granted by the Court, and the Action is dismissed with prejudice; (ii) if there are objections to the Settlement and there is an appeal of the Court's Settlement approval order, the date the approval order is affirmed on appeal after all appellate options have been exhausted or the date of dismissal of such appeal, and the Action is dismissed with prejudice; (iii) if there are objections to the Settlement and if a petition for review is filed, the date of denial of the petition for review, or the date the approval order is affirmed pursuant to such petition, and the Action is dismissed with prejudice; or (iv) if there are objections to the Settlement and if no appeal is filed, the day following the expiration date for filing or noticing any appeal of the approval order, and the Action is dismissed with prejudice.

"LWDA" means the California Labor and Workforce Development Agency, the agency entitled, under California Labor Code section 2699, subd. (i).

"LWDA PAGA Payment" means the 75% of the PAGA Fund paid to the LWDA under California Labor Code section 2699, subd. (i).

"Net Settlement Amount" or "PAGA Fund" means the Gross Settlement Amount, as set forth below, minus the following payments in amounts approved by the Court: fees and costs incurred by Plaintiffs' Counsel,  and fees and costs incurred by the Settlement Administrator.  The PAGA Fund shall be allocated 75% to the LWDA and 25% to the PAGA Settlement Members.

"PAGA" means the California Labor Code Private Attorneys General Act of 2004, codified at California Labor Code section 2698, *et seq.*

"PAGA Fund" is the Net Settlement Amount defined above, and shall be allocated 75% to the LWDA and 25% to the PAGA Settlement Members.

"PAGA Members' Information" means PAGA Settlement Member identifying information in Defendants' possession, including for each PAGA Settlement Member: *(i)* full name; *(ii)* last known mailing address; *(iii)* social security number; and *(iv)* number of Pay Periods during the "PAGA Period."

"PAGA Notice" means the letter Plaintiffs filed with the LWDA on their own

2

behalf and on behalf of the PAGA Settlement Members on November 27, 2017, alleging Defendants committed certain violations of the California Labor Code. *See* Exhibit B, attached hereto.

"PAGA Period" means November 27, 2016 through October 11, 2022.

"PAGA Settlement Members" means all persons who worked as distributors in California pursuant to a "Distributor Agreement" with Flowers Baking Co. of Henderson, LLC or Flowers Baking Co. of Modesto, LLC, that were classified as "independent contractors" at any time during the PAGA Period. The PAGA Settlement Members are listed on the spreadsheet attached hereto as Exhibit A.

"Pay Period" means any pay period (workweek) during the PAGA Period when a PAGA Settlement Member performed distribution services pursuant to a Distributor Agreement.

"Plaintiffs" means Simon Goro, Tony Russell, Ray Pena, Jose Pena, Jeff Belander and Guiseppe Zizzo, individually and in their capacity as representatives of the State of California on behalf of other PAGA Settlement Members.

"Plaintiffs' Counsel" means Craig M. Nicholas, Alex Tomasevic, and Shaun Markley of Nicholas & Tomasevic, LLP.

"Parties" means Plaintiffs, individually and on behalf of the PAGA Settlement Members, and Defendants.

"Released PAGA Claims" means the claims being released by the PAGA Settlement Members, including Plaintiffs, and by Plaintiffs' Counsel, as described in Paragraph 6(a), below.

"Released Parties" means (a) Flowers Baking Co. of Henderson, LLC; (b) Flowers Foods, Inc.; (c) Flowers Bakeries, LLC; (d) Flowers Baking Co. of California, LLC; (e) Flowers Baking Co. of Modesto, LLC and (f) all of Flowers' current or former parent companies, subsidiary companies, and/or related, affiliated, or predecessor companies, partnerships, and/or joint ventures, and, with respect to each of them, all of its past, present, and future employees, officers, partners, principals,

directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by, through, under, or in concert with any of the persons or entities listed in this subsection, and their successors. Said parties shall be referred to collectively herein as the "Released Parties."

"Settlement" means the disposition of the PAGA components of this Action effected by this Agreement.

## 2. **RECITALS**

On November 27, 2017, Plaintiffs' counsel sent the PAGA Notice to the LWDA on behalf of Plaintiffs pursuant to California Labor Code section 2699.3. Plaintiffs sought to represent themselves and all PAGA Settlement Members. At no time did the LWDA indicate an intention to investigate the alleged violations referenced in the letter.

A. Plaintiffs' Counsel filed on November 27, 2017, in the Superior Court of California, County of San Diego, a civil lawsuit. The matter was removed on December 28, 2017, to the United States District Court for the Southern District of California, based on diversity of citizenship. On March 22, 2018, Plaintiffs filed a First Amended Complaint, alleging the violations set forth in the PAGA Notice by adding a ninth cause of action for enforcement of PAGA, California Labor Code sections 2698 *et seq*. After Defendants' motion to dismiss was granted without prejudice, Plaintiffs filed their operative Second Amended Complaint on January 15, 2019, adding additional allegations to support their PAGA cause of action.

B. After several years of litigation and extensive formal discovery and motion practice, the Parties agreed to engage in private mediation, which took place on October 7, 2022, with mediator Hon. Herbert B. Hoffman, Ret. ("Judge Hoffman"). The Parties engaged in extensive negotiations at mediation, which involved substantial offers and counteroffers between the Parties for an entire

PAGA SETTLEMENT AND RELEASE AGREEMENT

DocuSign Envelope ID: 79F95837-2597-4191-A54A-18EC490B0B42

day.   The mediation resolved with the Parties accepting Judge Hoffman's mediator's proposal on October 11, 2022, ultimately culminating in this Agreement.

C. Counsel for all Parties have thoroughly investigated the facts and legal principles relating to the claims and defenses alleged in the PAGA Notice, the Second Amended Complaint and the Answer.   The Parties' counsel have concluded the Agreement is fair, reasonable, and adequate in light of all known facts and circumstances, including the defenses asserted by Defendants, potential adverse findings regarding liability, and numerous potential appellate issues.

D. Defendants deny, and continue to deny, each and every claim and contention alleged in the PAGA Notice and in the Second Amended Complaint, and have always maintained that none of them has ever engaged in any unlawful acts regarding any of the matters alleged in the PAGA Notice or in the Action.

NOW, THEREFORE, in consideration of the mutual covenants, promises, and conditions set forth, the Parties agree as follows.

## 3.   <u>NON-ADMISSION OF LIABILITY OR REPRESENTATIVE MANAGEABILITY FOR OTHER PURPOSES</u>

This Agreement represents a compromise and settlement of highly disputed claims.  Based on the factual and legal issues involved, the expense and time necessary to prosecute the Action through trial, the risks, uncertainty, and costs of further prosecution, the difficulty of proof necessary to establish a manageable group for purposes of liability, and the relative benefits to the PAGA Settlement Members of an expeditious resolution to the Action, the Parties have concluded that the terms set forth in this Agreement are fair, reasonable, adequate, and in the best interests of the PAGA Settlement Members.

By entering into this Agreement, Defendants deny any liability for any of the claims in the Action, as well as any other potential or unknown claims based on wage

and hour violations under California or federal law.  Defendants specifically deny that any one of them has engaged in any unlawful or wrongful conduct against Plaintiffs or any of the PAGA Settlement Members.  Nothing in this Agreement is intended or should be construed as an admission by any of the Parties that the claims or defenses in the Action have merit.  The Parties agree that representative treatment of the PAGA Settlement Members is for purposes of this Settlement only, and that there is no admission of representative manageability for any purpose other than this Settlement, or that may be asserted in any other dispute, claim or lawsuit.

If for any reason the Court does not approve this Settlement, Defendants reserve all available defenses to the claims in the Action, and Plaintiffs reserve the right to contest Defendants' defenses.  This Agreement, any documents referred to herein, and the Parties' actions taken to carry out this Settlement, are not admissible in connection with any litigation (except for proceedings to enforce or effectuate the Settlement and this Agreement) and may not be construed or used as an admission or concession of unlawful conduct, fault, wrongdoing or liability on Defendants' part.

**4.     TERMS OF THE PAGA SETTLEMENT**

    **a.     Gross Settlement Amount and PAGA Settlement Members' Information**

If the Settlement is approved by the Court and becomes Final, Defendants shall pay a non-reversionary monetary settlement payment in the total amount of $800,000 ("Gross Settlement Amount" or "GSA"), inclusive of fees and costs.  The Gross Settlement Amount is the maximum amount Defendants can be required to pay under this Settlement.  Defendants shall submit the GSA to the Settlement Administrator within thirty (30) days of the Effective Date ("Final Payment Date").

The Parties agree to allocate 100% of the Gross Settlement Amount to civil penalties, attorneys' fees, and costs and thus not to wages.  The payment of individual PAGA payments shall not obligate Defendants to confer any additional benefits or make any additional payments to the PAGA Settlement Members (such as 401(k)

contributions or bonuses) beyond those specified in this Agreement.

### b. Settlement Administrator's Fees and Costs

If approved by the Court, the Settlement Administrator shall receive a payment for its fees and expenses, to be paid from the Gross Settlement Amount, not to exceed $10,000, except for a showing of good cause to the Court for more than this amount. If the Court approves an amount for administration costs less than the amount requested, the Settlement Administrator will allocate the remainder to the PAGA Fund.

### c. Attorneys' Fees and Costs

If approved by the Court, up to 33% of the Gross Settlement Amount (estimated to be $264,000) may be allocated as attorneys' fees and up to $20,000 may be allocated as costs, payable to Plaintiffs' Counsel (*i.e.*, "Nicholas & Tomasevic, LLP") and issued via an IRS Form 1099-Misc. If the Court approves an amount for fees and costs that is less than the amounts requested, the Settlement Administrator will allocate the remainder to the PAGA Fund.

The Settlement Administrator will mail the payment to Plaintiffs' Counsel's offices at 225 Broadway, 19th Floor, San Diego, California 92101.

Plaintiffs' Counsel may elect to have portions of the attorneys' fees and costs awarded by the Court sent to a Qualified Settlement Fund or QSF pursuant to U.S. Treasury Regulation section 468B-1. Plaintiff's Counsel shall transmit instructions to the Administrator as to how any approved attorneys' fees and costs shall be paid. Plaintiff's Counsel may, at their option, elect to have all or part of the attorneys' fees and costs allocated to a third-party structure/QSF.

### d. PAGA Fund

Seventy-five percent (75%) will be sent to the LWDA and twenty-five percent (25%) will be allocated among the PAGA Settlement Members based on proportionate number of pay periods worked during the PAGA Period as set forth in Section 5.a.

DocuSign Envelope ID: 70E95937-2597-4101-AE4A-18EC49D0B842

## 5.   COMPUTATION AND DISTRIBUTION OF THE PAGA FUND

### a.   Formula for Calculating Share of PAGA Fund

The portion of the PAGA Fund to be paid to each PAGA Settlement Member shall be determined based on this formula:

The payments to PAGA Settlement Members will be based on the number of pay periods for each PAGA Settlement Member worked during the PAGA Period. The value of a pay period will be calculated by dividing the 25% portion of the PAGA Fund paid to PAGA Settlement Members by the total number of pay periods for all PAGA Settlement Members during the PAGA Period.  The resulting value will then be multiplied by the number of pay periods for each PAGA Settlement Member to calculate the individual PAGA payment ("Individual Payment").

### b.   Distribution of PAGA Fund by Settlement Administrator

The Parties have jointly selected ILYM Group, Inc. to serve as the Administrator and verified that, as a condition of appointment, the Administrator agrees to be bound by this Agreement and to perform, as a fiduciary, all duties specified in this Agreement in exchange for payment of the Administrator's expenses. The Parties and their Counsel represent that they have no interest or relationship, financial or otherwise, with the Administrator other than a professional relationship arising out of prior experiences administering settlements.

Within twenty (20) days of the Effective Date of this Agreement, Defendants shall transmit the PAGA Members' Information via e-mail to the Settlement Administrator.  The Administrator must maintain the PAGA Members' Information in confidence and use it for no other purpose than the Settlement.  Defendants shall fully fund the GSA by transmitting the funds to the Administrator no later than thirty (30) days after the Effective Date.

Within twenty (20) days after Defendants have fully funded the Gross Settlement Amount, the Settlement Administrator shall calculate and distribute payments to the PAGA Settlement Members and to the LWDA.  The Settlement

Administrator shall disburse the payments to the PAGA Settlement Members, as set forth herein, without asking or requiring PAGA Settlement Members to submit any claim as a condition of payment.

Payments to PAGA Settlement Members shall be made by check via U.S. Mail, postage prepaid, to their last known addresses. Prior to the initial mailing to PAGA Settlement Members, the Settlement Administrator shall conduct a search of the National Change of Address ("NCOA") database to update PAGA Settlement Members' mailing addresses, if necessary. The Administrator will skip-trace and re-mail all returned, undeliverable mail within seven days of receiving notice that the mailing was undeliverable.

The Administrator shall maintain a list of postmarked dates for the initial mailing of payments to the PAGA Settlement Members, and a list of PAGA Settlement Members who have not cashed the checks. All checks disbursed under the terms of this Agreement will remain valid and negotiable for 180 days from the date of their execution. The Administrator shall promptly send a replacement check to any PAGA Settlement Member whose original check was lost or misplaced, as requested by the PAGA Settlement Member prior to the void date. After 180 days, any uncashed checks will be void. The value of these uncashed checks will be paid, by the Administrator to Refugee Net for the benefit of child services, a cy pres charitable organization. The Administrator will prepare and issue IRS Form 1099s to PAGA Settlement Members who received payments and cashed checks, if so required under Federal or California law.

Any information provided by the Parties to each other, or by either of them to the Administrator, may be used only with respect to this Settlement, and existing copies shall be destroyed at any Parties' request, after the Administrator has discharged its obligation to pay out all Settlement funds.

The Settlement Administrator also shall pay an amount equivalent to 75% of the PAGA Fund to the LWDA, or as otherwise directed by the Court. A copy of the

DocuSign Envelope ID: 70E95937-2597-4101-AE4A-18EC490B0B42

check that the Settlement Administrator mails to the LWDA shall be provided to counsel for both Parties within five (5) business days of mailing.

The Administrator will also handle payment of Plaintiffs' Counsel's attorneys' fees and costs as approved by the Court.

### 6.    RELEASE OF CLAIMS

#### a.    Claims Released by the LWDA and PAGA Settlement Members (Released PAGA Claims)

Upon the Effective Date of the Agreement, and subject to Defendants' funding of the GSA, the Plaintiffs, as representatives of the State of California and on behalf of the LWDA and the PAGA Settlement Members, and their respective former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, fully and finally release the Released Parties from all claims for PAGA penalties during the PAGA Period that were alleged in, or that could have been alleged based on the facts alleged in, the PAGA Notice and the Action (the "Released PAGA Claims").

The Parties agree that the Settlement shall be effective as a full and final accord and satisfaction, settlement of, and as a bar to, the Released PAGA Claims.  The Parties further agree the Settlement shall be binding on the PAGA Settlement Members, including the Plaintiffs, the LWDA, the State of California, Defendants, and the Released Parties.  As a result of this release, the PAGA Settlement Members will be unable to bring a claim under, or recover in any other claim encompassed within the Released PAGA Claims.

#### b.    Release by Plaintiffs' Counsel

The Agreement includes and resolves all claims for attorneys' fees or costs that Plaintiffs or Plaintiffs' Counsel may have under PAGA in the Action.  *See, e.g.*, California Labor Code section 2699(g)(1).

#### c.    Tax Treatment and Indemnification

The Settlement Administrator will issue a Form 1099-Misc., and any other required tax form(s), to PAGA Settlement Members relating to these payments.

DocuSign Envelope ID: 70E95937-2597-4101-AF4A-18EC49D5DB42

PAGA Settlement Members, including Plaintiffs, and Plaintiffs' Counsel shall assume any tax obligations or consequences that may arise from payments made to them under this Settlement.  PAGA Settlement Members, including Plaintiffs, and Plaintiffs' Counsel shall also hold Defendants harmless, and indemnify them, from any dispute or controversy regarding any division or sharing of any of these payments.

Neither Parties or their counsel are providing any advice regarding taxes or taxability, nor shall anything in this Settlement be relied upon as such within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended) or otherwise.

## 7.    MISCELLANEOUS PROVISIONS

### a.    Mutual Full Cooperation

Plaintiffs, Defendants, Plaintiffs' Counsel, and Defense Counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including, but not limited to, execution of such documents, and to take such other action as may reasonably be necessary to implement the terms herein.  If the Court does not grant the motion for approval of this Settlement or conditions its approval on any material change to this Agreement, Plaintiffs' Counsel and Defense Counsel will expeditiously and in good faith work together on the Parties' behalf to modify the Agreement or submit supplemental evidence and supplementing points or authorities, if requested by the Court, or to otherwise satisfy the Court's concerns.

In the event the Parties are unable to agree upon the form or content of any document necessary to implement the Settlement, or on any modification of the Agreement that may become necessary to implement the Settlement, the Parties will seek the assistance of Judge Hoffman to see if the issues can be resolved before continuing with the Action.

### b.    Parties' Representations

The Parties and their counsel represent they are authorized to enter into this Agreement.  The Parties and their counsel also represent and warrant that they have

not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged by the Parties in this Settlement.

Other than the matter of *Jose Maciel v. Flowers Foods, Inc.,* San Mateo Superior Court, Case No. 20-CIV-02959 ("*Maciel*"), the Parties and their counsel represent that they are not aware of any other pending matter or action asserting claims that will be extinguished or affected by the Settlement.

### c.    <u>Binding Nature of the Agreement</u>

This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Released Parties.  This Settlement shall be binding upon Plaintiffs and the PAGA Settlement Members, and upon their respective former and present spouses, representatives, agents, attorneys (including Plaintiffs' Counsel), heirs, administrators, successors, and assigns.

### d.    <u>Joint Drafting of Agreement</u>

The Parties have arrived at this Settlement as a result of a series of arm's-length negotiations, taking into account all relevant factors, present and potential.  This Agreement has been drafted jointly by Plaintiffs' Counsel and Defense Counsel and, therefore, in any construction or interpretation of this Settlement, the same shall not be construed against any of the Parties.

### e.    <u>Execution of the Agreement</u>

All executed copies of this Agreement and photocopies thereof shall have the same force and effect and shall be as legally binding and enforceable as the original. The Agreement may be executed in one or more counterparts by facsimile, electronically (*i.e.*, DocuSign), or email which for purposes of this Agreement shall be accepted as an original.  All executed counterparts and each of them will be deemed to be one and the same instrument.  Counsel for the Parties will exchange between themselves signed counterparts.  Any executed counterpart will be admissible in

evidence to prove the existence and contents of this Agreement.

### f.     No Press Release or Publicity Regarding Terms of the Agreement

The Parties agree not to publicize the terms of this Agreement or Settlement except in court papers filed to obtain approval and to the LWDA.  The Parties agree that they will issue no media or press release, will not initiate any contact with the media or the press, will not respond to any media or press inquiry, or will not have any communications with the media or the press about the fact, amount, or terms of this Agreement or Settlement Agreement.  Plaintiffs and Plaintiffs' Counsel shall not publicize or refer to the fact or amount of the Agreement or Settlement on their websites, social media, any other marketing materials, or legal publications in a way that identifies or alludes to Defendants, but they may do so without naming or referring to Defendants.

Defendants may report the Settlement or results of this lawsuit if required to do so by public disclosure regulatory requirements, or with respect to any financial or other disclosures, which in their judgment are necessary.

### g.     Continuing Jurisdiction of the Court

After the Action is dismissed with prejudice, the Court shall retain jurisdiction over the Parties, the Action and the Settlement solely for purposes of enforcing the Agreement, addressing settlement administration matters, and resolving any disputes between and among the Parties arising out of the Settlement, including but not limited to interpretation of the Agreement's terms.

### h.     Advice of Counsel

Each Party represents and agrees that they have been advised or are fully aware of their right to discuss all aspects of this Agreement with their independent attorneys prior to signing this Agreement, that each Party has carefully read and fully understands all of the provisions of this Agreement, and that each Party is voluntarily, and without fraud, duress, or undue influence, entering into this Agreement.

### i.   Notice

All notices, demands or other communications between the Parties in connection with this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, or the day sent by email or messenger, addressed as follows:

To Plaintiffs: Alex Tomasevic, Nichols & Tomasevic, LLP, 225 Broadway, 19th Floor, San Diego, CA 92101-5047.

To Defendants:  Frank Tobin, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 4660 La Jolla Village Drive, Suite 900, San Diego, CA 92122.

### j.   Miscellaneous Provisions

All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the internal laws of the state of California, without regard to conflict of law principles.

This Settlement may be amended or modified only by a written instrument signed by Plaintiffs and Defendants or by their duly authorized representatives, and approved by the Court.  No rights under this Settlement may be waived except in writing.  This Agreement constitutes the entire agreement between the Parties relating to the Settlement of the Released PAGA Claims, superseding any and all oral representations, warranties, covenants, or inducements made to or by any Party.

To the extent permitted by law, all agreements made, and orders entered during the Action and in this Agreement relating to the confidentiality of information shall survive the execution of this Agreement.

Unless otherwise noted, all reference to "days" in this Agreement shall be to calendar days.  In the event any date or deadline set forth in this Agreement falls on a weekend or federal legal holiday, such date or deadline shall be on the first business day thereafter.

The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this

DocuSign Envelope ID: 70E95937-2597-4101-AE4A-18EC49050B42

Agreement.

### k.  Stay of Litigation

The Parties agree that upon the execution of this Agreement, and upon Court approval, the Action shall be stayed, except to effectuate the terms of this Agreement.

### l.  Waiver of Right to Appeal

The Parties and Plaintiffs' Counsel waive all rights to appeal, including all rights to post-judgment or dismissal and appellate proceedings, the right to file motions to vacate judgment, motions for new trial, extraordinary writs, and appeals.  The waiver of appeal does not include any waiver of the right to oppose such motions, writs or appeals.  If another party appeals, the Parties' obligations to perform under this Agreement will be suspended until such time as the appeal is finally resolved and the Settlement becomes final.

### m.  Parties' Duties Regarding Motion for Approval of Settlement

Plaintiffs' Counsel will draft and file a Motion for Approval of Settlement and Request for Dismissal of the Action by December 21, 2022.  Once the Settlement is approved and becomes Final, Plaintiffs' Counsel is responsible for delivering the Court's Approval to the Administrator.   Plaintiffs' Counsel is responsible for delivering to Defense Counsel all documents necessary for obtaining approval of this Settlement under California Labor Code section 2699, subd. (f)(2) or any other documents or information required by law or requested by the Court.

### n.  Subsequent Modifications

Upon stipulation or with Court approval, the Parties may alter the above dates or time periods.  The Parties may also make other non-substantive revisions to any notices or other documents as necessary.

*[SIGNATURES ON FOLLOWING PAGES]*

DATED: Dec 20, 2022

Simon Goro (Dec 20, 2022 18:27 PST)

Plaintiff Simon Goro

DATED: Dec 20, 2022

Tony Russell (Dec 20, 2022 08:54 PST)

Plaintiff Tony Russell

DATED: Dec 19, 2022

Rey Pena (Dec 19, 2022 20:07 PST)

Plaintiff Ray Pena

DATED: Dec 19, 2022

jose pena (Dec 19, 2022 18:02 PST)

Plaintiff Jose Pena

DATED: Dec 19, 2022

Jeffrey S Belander (Dec 19, 2022 15:44 PST)

Plaintiff Jeff Belander

DATED: Dec 19, 2022

Giuseppe Zizzo (Dec 19, 2022 20:19 PST)

Plaintiff Guiseppe Zizzo

DATED: 01/06/2023 | 10:49:32 AM EST

Defendant Flowers Foods, Inc.

By: Stephanie B. Tillman

36656FCD19F640B...

Its: Assistant Secretary

Print Name: Stephanie B. Tillman

DATED: 01/06/2023 | 10:49:32 AM EST

Defendant Flowers Baking Co. of California, LLC

By: Stephanie B. Tillman

36656FCD19F640B...

Its: Assistant Secretary

Print Name: Stephanie B. Tillman

DocuSign Envelope ID: 70E95937-2597-4191-AE4A-18EC490B0B42

1   DATED: 01/06/2023 | 10:49:32 AM EST     Defendant Flowers Baking Co. of
2                                           Henderson, LLC

3                                           By _Stephanie B. Tillman_
                                              36656FCD19F640B...
4
                                            Its: Assistant Secretary
5

6                                           Print Name: Stephanie B. Tillman
7

8   *Approved as to form only:*

9   DATED: December 21, 2022               **NICHOLAS & TOMASEVIC, LLP**

10
                                           By: _____
11                                            Craig M. Nicholas
                                              Alex Tomasevic
12                                            Shaun Markley
                                              Attorneys for Plaintiffs SIMON
13                                            GORO; TONY RUSSELL; REY
                                              PENA; JOSE PENA; JEFF
14                                            BELANDER; and GUISEPPE ZIZZO

15

16   DATED: January 6, 2023                 **OGLETREE, DEAKINS, NASH,**
                                            **SMOAK & STEWART, P.C.**
17

18                                          By: _____
                                              Frank L. Tobin
19                                            Kevin P. Hishta
                                              Alexander M. Chemers
20                                            Jared L. Palmer
                                              Margaret Santen
21                                            Attorneys for Defendants FLOWERS
                                              FOODS, INC., FLOWERS BAKING
22                                            CO. OF CALIFORNIA, LLC, and
                                              FLOWERS BAKING CO. OF
23                                            HENDERSON, LLC

24

25

26

27

28

                                           17                Case No. 3:17-cv-02580-JO-JLB
                           PAGA SETTLEMENT AND RELEASE AGREEMENT

# Goro, et al. v. Flowers | PAGA Settlement Agreement

Final Audit Report                                                    2022-12-21

| | |
|---|---|
| Created: | 2022-12-19 |
| By: | Emilia Carrillo (fileclerk@nicholaslaw.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAWIYwHJpEcsIFhG6F6vSpFTvdpKXTiUwt |

## "Goro, et al. v. Flowers | PAGA Settlement Agreement" History

📄 Document created by Emilia Carrillo (fileclerk@nicholaslaw.org)
    2022-12-19 - 9:49:31 PM GMT- IP address: 69.152.39.97

📧 Document emailed to simongoro82@gmail.com for signature
    2022-12-19 - 9:51:54 PM GMT

📧 Document emailed to redoso@yahoo.com for signature
    2022-12-19 - 9:51:55 PM GMT

📧 Document emailed to pena1963@live.com for signature
    2022-12-19 - 9:51:55 PM GMT

📧 Document emailed to reypena0174@gmail.com for signature
    2022-12-19 - 9:51:55 PM GMT

📧 Document emailed to jbelander1@gmail.com for signature
    2022-12-19 - 9:51:55 PM GMT

📧 Document emailed to gtzizzo@yahoo.com for signature
    2022-12-19 - 9:51:55 PM GMT

📄 Email viewed by redoso@yahoo.com
    2022-12-19 - 10:25:19 PM GMT- IP address: 72.199.212.215

📄 Email viewed by jbelander1@gmail.com
    2022-12-19 - 11:32:30 PM GMT- IP address: 68.6.164.206

🖊 Signer jbelander1@gmail.com entered name at signing as Jeffrey S Belander
    2022-12-19 - 11:44:05 PM GMT- IP address: 68.6.164.206

![Adobe Acrobat Sign]

DocuSign Envelope ID: 70E95937-2597-4101-AE4A-18EC490B0B42

Document e-signed by Jeffrey S Belander (jbelander1@gmail.com)

Signature Date: 2022-12-19 - 11:44:07 PM GMT - Time Source: server- IP address: 68.6.164.206

Email viewed by pena1963@live.com

2022-12-20 - 1:57:22 AM GMT- IP address: 72.220.217.248

Signer pena1963@live.com entered name at signing as jose pena

2022-12-20 - 2:02:48 AM GMT- IP address: 72.220.217.248

Document e-signed by jose pena (pena1963@live.com)

Signature Date: 2022-12-20 - 2:02:50 AM GMT - Time Source: server- IP address: 72.220.217.248

Email viewed by reypena0174@gmail.com

2022-12-20 - 3:31:05 AM GMT- IP address: 76.115.92.15

Signer reypena0174@gmail.com entered name at signing as Rey Pena

2022-12-20 - 4:07:17 AM GMT- IP address: 166.198.34.45

Document e-signed by Rey Pena (reypena0174@gmail.com)

Signature Date: 2022-12-20 - 4:07:19 AM GMT - Time Source: server- IP address: 166.198.34.45

Email viewed by gtzizzo@yahoo.com

2022-12-20 - 4:15:59 AM GMT- IP address: 108.228.235.19

Signer gtzizzo@yahoo.com entered name at signing as Giuseppe Zizzo

2022-12-20 - 4:19:06 AM GMT- IP address: 108.228.235.19

Document e-signed by Giuseppe Zizzo (gtzizzo@yahoo.com)

Signature Date: 2022-12-20 - 4:19:08 AM GMT - Time Source: server- IP address: 108.228.235.19

Signer redoso@yahoo.com entered name at signing as Tony Russell

2022-12-20 - 4:54:30 PM GMT- IP address: 72.199.212.215

Document e-signed by Tony Russell (redoso@yahoo.com)

Signature Date: 2022-12-20 - 4:54:32 PM GMT - Time Source: server- IP address: 72.199.212.215

Email viewed by simongoro82@gmail.com

2022-12-21 - 2:26:11 AM GMT- IP address: 104.28.85.233

Signer simongoro82@gmail.com entered name at signing as Simon Goro

2022-12-21 - 2:27:18 AM GMT- IP address: 104.28.85.233

Document e-signed by Simon Goro (simongoro82@gmail.com)

Signature Date: 2022-12-21 - 2:27:20 AM GMT - Time Source: server- IP address: 104.28.85.233

Agreement completed.

2022-12-21 - 2:27:20 AM GMT

**Adobe Acrobat Sign**

EXHIBIT A TO PAGA SETTLEMENT AND RELEASE AGREEMENT - PAGA SETTLEMENT MEMBERS LIST

| No. | PAGA Settlement Member |
|-----|------------------------|
| 1 | Aaron Quaintance |
| 2 | Adam Sotelo |
| 3 | Adrian Medina |
| 4 | Aladin Beltran |
| 5 | Alan Sutton |
| 6 | Alejandro Covarrubias |
| 7 | Alejandro Flores |
| 8 | Alejandro Olvera Rodriguez |
| 9 | Alejandro Soleta |
| 10 | Alex Hijar |
| 11 | Alex Velasco |
| 12 | Alexander Ruezga |
| 13 | Alexandria Guyton |
| 14 | Alfredo Alvarado |
| 15 | Alfredo G. Garcia Jr |
| 16 | Alfredo Lopez |
| 17 | Amable Alexander Aguiluz |
| 18 | Andrew Choi |
| 19 | Andrew Fitzgerald |
| 20 | Andrew Gillespie |
| 21 | Andrew Nelson |
| 22 | Annette C. Cardoza |
| 23 | Anthony Aguilar |
| 24 | Anthony Hayworth |
| 25 | Anthony Phillips |
| 26 | Anthony Porreca |
| 27 | Anthony Talavera |
| 28 | Anthony Tavarez |
| 29 | Antonio Aguilar |
| 30 | Antonio Nava |
| 31 | Antonio Ruben Orozco |
| 32 | April Davis-Ng |
| 33 | Armando Garcia |
| 34 | Armando Jr. Segura |
| 35 | Armando Sr. Segura |
| 36 | Arnulfo Urena |
| 37 | Arturo Gonzalez |
| 38 | Arturo Gonzalez |
| 39 | Arturo Rodriguez |
| 40 | Aulbert E. Ludlow |
| 41 | Aurthor J. Moreno |
| 42 | Ben Jimenez |
| 43 | Benny Morales |
| 44 | Boyd  Fleischer |
| 45 | Brandon Wilkerson |
| 46 | Brandon Yin |
| 47 | Brian  Ochaba |
| 48 | Brian Botelho |
| 49 | Brian Connelly |
| 50 | Brian Haseleu |
| 51 | Britt Kimble |
| 52 | Bruce Hauck |
| 53 | Carlos Banuelos |
| 54 | Carlos G. Gonzalez |
| 55 | Carlos Garibay |
| 56 | Carlos Luna |

EXHIBIT A TO PAGA SETTLEMENT AND RELEASE AGREEMENT - PAGA SETTLEMENT MEMBERS LIST

| No. | PAGA Settlement Member |
|-----|------------------------|
| 57 | Cary Johnson |
| 58 | Cesar Hernandez |
| 59 | Charles Davis |
| 60 | Charles Dornbusch |
| 61 | Charles Durham |
| 62 | Charles Jose |
| 63 | Chester Ng |
| 64 | Chris "John" Thorndike |
| 65 | Chris Flynn |
| 66 | Chris Hines |
| 67 | Chris McPeck |
| 68 | Chris Meeks |
| 69 | Chris Morales |
| 70 | Chris Silva |
| 71 | Christian Angulo |
| 72 | Christian Bailon |
| 73 | Christian Ortiz |
| 74 | Clarence Mauhili |
| 75 | Clint Hopper |
| 76 | Craig A Brownfield |
| 77 | Crystal Lee |
| 78 | Dagoberto Rodriguez |
| 79 | Dale North |
| 80 | Daniel Aguirre |
| 81 | Daniel Cifuentes |
| 82 | Daniel Duran |
| 83 | Daniel Hassan |
| 84 | Daniel Omar Tinoco Malacara |
| 85 | Daniel Ponce Vivar |
| 86 | Danny Hogan |
| 87 | Danny Ludlow |
| 88 | Danny Young |
| 89 | Darren McNeil |
| 90 | David A. Aguero |
| 91 | David Bolivar |
| 92 | David Castaneda |
| 93 | David Cuen |
| 94 | David Munoz |
| 95 | David R. Reyes |
| 96 | David W. Kimble |
| 97 | Davin A Reyes |
| 98 | Dean Stashek |
| 99 | Del Montagne |
| 100 | Dennis Padilla |
| 101 | Derek Madrigal |
| 102 | Diego Z. Esparza |
| 103 | Donal Byrd |
| 104 | Donald Johnson |
| 105 | Donato Santiago |
| 106 | Douglas Amos |
| 107 | Douglas Fullerton |
| 108 | Douglas William Harkcom |
| 109 | Edgar Coronado |
| 110 | Edgar Valdez |
| 111 | Eduardo Aviles |
| 112 | Eduardo Gonzalez |

EXHIBIT A TO PAGA SETTLEMENT AND RELEASE AGREEMENT - PAGA SETTLEMENT MEMBERS LIST

| No. | PAGA Settlement Member |
|---|---|
| 113 | Edward J.  Morrison |
| 114 | Edward Smith |
| 115 | Eleazar Canales |
| 116 | Eli Jorell Carrillo |
| 117 | Emiterio Ochoa |
| 118 | Enoc Guerrero |
| 119 | Eric Bruce Guyton |
| 120 | Eric Calhoon |
| 121 | Eric Orosco |
| 122 | Erik D. Melero |
| 123 | Erik Medal |
| 124 | Ernest Dorado |
| 125 | Ernesto Lopez |
| 126 | Esteban Elizondo |
| 127 | Esteban Ruiz |
| 128 | Feliciano Marentes |
| 129 | Felipe Garcia |
| 130 | Fernando Flores |
| 131 | Fernando Hernandez |
| 132 | Fernando Novoa |
| 133 | Fernando Ramirez |
| 134 | Fidel Gonzalez |
| 135 | Fidencio Guardado |
| 136 | Francis Reaport |
| 137 | Francisco Flores |
| 138 | Francisco Prieto |
| 139 | Francisco Trovao |
| 140 | Frank Bravo |
| 141 | Gabriel A Ceja |
| 142 | Gabriel Fiero |
| 143 | Gabriel Perez |
| 144 | Galdino Soto |
| 145 | Gary Hayes |
| 146 | Gene Wilson |
| 147 | Geoffrey Walsh |
| 148 | George (Ricky) Dunhams |
| 149 | George A. Gonzalez |
| 150 | George McGowan |
| 151 | George Serna |
| 152 | George Vitko |
| 153 | Gerald James |
| 154 | Gerardo Gastelum |
| 155 | Gerardo Sandoval |
| 156 | Gereme Barrett |
| 157 | Gilbert Bowser |
| 158 | Giovanni Martinez |
| 159 | Giuseppe Zizzo |
| 160 | Gregory Ingoglia |
| 161 | Gregory Morrow |
| 162 | Griselda Gonzales |
| 163 | Harold K. Wilson |
| 164 | Heather Cunha |
| 165 | Hebhert Yamil Gomez-Hernandez |
| 166 | Hector Alfaro |
| 167 | Hector Barrientos |
| 168 | Hector Melendez |

EXHIBIT A TO PAGA SETTLEMENT AND RELEASE AGREEMENT - PAGA SETTLEMENT MEMBERS LIST

| No. | PAGA Settlement Member |
|-----|------------------------|
| 169 | Henry Kittrell |
| 170 | Heraldo Velasquez |
| 171 | Hossni Awad |
| 172 | Hugo Aguirre |
| 173 | Humberto Lopez |
| 174 | Isidoro Valdez |
| 175 | Ivan O. Gomez |
| 176 | Jamal Khan |
| 177 | James Davis |
| 178 | James England |
| 179 | James Falciani |
| 180 | James King |
| 181 | James Perotti |
| 182 | James Towers |
| 183 | Jan Phillips |
| 184 | Jannie Baik |
| 185 | Jarrett Belyeu |
| 186 | Jason Eric Williams |
| 187 | Javier Tena |
| 188 | Javier Zavala-Garcia |
| 189 | Jed Tan |
| 190 | Jeff Tactacan |
| 191 | Jeffery Hilliard |
| 192 | Jeffrey S. Belander |
| 193 | Jeffrey Scott Rudd |
| 194 | Jeffrey Tovar |
| 195 | Jeremiah Montanez |
| 196 | Jeremy Gouthier |
| 197 | Jerome Schroeder |
| 198 | Jerry  Balelo |
| 199 | Jerry Hunter |
| 200 | Jerry Loyd |
| 201 | Jerry Willis |
| 202 | Jesse Hogue |
| 203 | Jesse Magana |
| 204 | Jesse Zuniga |
| 205 | Jesus Gallardo |
| 206 | Jesus Manuel Zamora |
| 207 | Jesus Tinoco Malacara |
| 208 | Jimmy Herrera |
| 209 | Jodi Paul |
| 210 | Joe Cuadras |
| 211 | Joe Reyes |
| 212 | Joel Hendrickson |
| 213 | Joemax Martin |
| 214 | John Alfonso Gil |
| 215 | John Elkins |
| 216 | John Fontana |
| 217 | John Morton |
| 218 | John Newton Fanning |
| 219 | John Ruiz |
| 220 | John Tu |
| 221 | Jon A. Nelson |
| 222 | Jonathan Perez |
| 223 | Jorge Casas |
| 224 | Jorge Galvez |

EXHIBIT A TO PAGA SETTLEMENT AND RELEASE AGREEMENT - PAGA SETTLEMENT MEMBERS LIST

| No. | PAGA Settlement Member |
|-----|------------------------|
| 225 | Jose Almendariz |
| 226 | Jose Arroyo Gutierrez |
| 227 | Jose Ayala |
| 228 | Jose Hernandez |
| 229 | Jose Leon |
| 230 | Jose Luis Manzo |
| 231 | Jose M Jimenez Medina |
| 232 | Jose Maciel |
| 233 | Jose Ortiz, Jr. |
| 234 | Jose Pena |
| 235 | Jose Valencia |
| 236 | Joseph Estrada |
| 237 | Joseph Matthew Harris |
| 238 | Joseph Trees |
| 239 | Joshua Davis |
| 240 | Joshua M Myers |
| 241 | Josue Melendez |
| 242 | Josue Perez Torres |
| 243 | Josue Vargas |
| 244 | Juan "Carlos" Reynozo |
| 245 | Juan "Johnny" Valenzuela |
| 246 | Juan E. Corrales |
| 247 | Juan Merida |
| 248 | Juan Meza |
| 249 | Juan Ocampo |
| 250 | Juan Robles |
| 251 | Juline Thomas |
| 252 | Julio Arturo Lima |
| 253 | Keith Lovell |
| 254 | Keith Wagner |
| 255 | Kenneth Becker |
| 256 | Kenneth W Herrera |
| 257 | Kent Aldrich |
| 258 | Kevin Densmore |
| 259 | Kevin Fontanoz |
| 260 | Kevin Koob |
| 261 | Kevin Sanders |
| 262 | Khalil A Jaber |
| 263 | Khang Nguyen |
| 264 | Klinie S. Kent |
| 265 | Kristin Keeney |
| 266 | Kristopher Fernandes |
| 267 | Larry Lundvall |
| 268 | Larry Whithorn |
| 269 | Laura Weber |
| 270 | Len Schneider |
| 271 | Lloyd DeLong Jr. |
| 272 | LoganPaul Eickhoff |
| 273 | Luis Gamboa |
| 274 | Luis Gonzalez |
| 275 | Luis Ramirez |
| 276 | Luis Robles |
| 277 | Luz Lopez |
| 278 | Manuel Marquez |
| 279 | Manuel Ruiz |
| 280 | Manuel S. Ocon Jr |

EXHIBIT A TO PAGA SETTLEMENT AND RELEASE AGREEMENT - PAGA SETTLEMENT MEMBERS LIST

| No. | PAGA Settlement Member |
| --- | --- |
| 281 | Marco Gonzales |
| 282 | Marco Rodriguez Ruiz |
| 283 | Marcos Ornelas |
| 284 | Mario Hernandez |
| 285 | Mark Aviles |
| 286 | Mark Trevisan |
| 287 | Martin Lazcano |
| 288 | Martin Salazar |
| 289 | Mathew C. Ray Combs |
| 290 | Matthew Albrecht |
| 291 | Matthew Blehm |
| 292 | Matthew Bruers |
| 293 | Matthew Smith |
| 294 | Mauricio Hernandez |
| 295 | Mauricio Magdaleno |
| 296 | Max Hung |
| 297 | Maxwell R Ming |
| 298 | Melburn Minfield |
| 299 | Melvyn L. Silveira Jr |
| 300 | Merce Ramos |
| 301 | Michael Caffee |
| 302 | Michael Fernandes |
| 303 | Michael Garcia |
| 304 | Michael Gong |
| 305 | Michael Henderson |
| 306 | Michael Hernandez |
| 307 | Michael Hoffeditz |
| 308 | Michael Holmes |
| 309 | Michael Martinson |
| 310 | Michael Neves |
| 311 | Michael Requejo |
| 312 | Michael Santillan |
| 313 | Michael Sun |
| 314 | Michael Waggoner |
| 315 | Micheal Macchiaroli |
| 316 | Micheal McNeil |
| 317 | Michelle Calkins |
| 318 | Miguel Mercado |
| 319 | Miguel Sanchez |
| 320 | Miguel Sanchez |
| 321 | Mike Ardito |
| 322 | Mike Plante |
| 323 | Mike Wilk |
| 324 | Mirna Ivette Rivera De Jesus |
| 325 | Moises Martin |
| 326 | Narcisco "Sisco" Arocho |
| 327 | Nelson C. Francisco |
| 328 | Nick Hernandez |
| 329 | Nicolas J. Canaba |
| 330 | Nicolas Navarro |
| 331 | Nomer V. Francisco |
| 332 | Norman D. Suhovy |
| 333 | Omar Gonzalez |
| 334 | Oscar Gonzalez |
| 335 | Pablo Ruiz |
| 336 | Patrick Dwyer |

EXHIBIT A TO PAGA SETTLEMENT AND RELEASE AGREEMENT - PAGA SETTLEMENT MEMBERS LIST

| No. | PAGA Settlement Member |
|-----|------------------------|
| 337 | Patrick Foraker |
| 338 | Patrick McCann |
| 339 | Paul Brewer |
| 340 | Paul Kortgard |
| 341 | Paul Navarro |
| 342 | Paul Neale |
| 343 | Paul T Chavez |
| 344 | Phillip J Antoine Jr |
| 345 | Phutane Mohan |
| 346 | Qixin "Nick" Zhang |
| 347 | Rafeal Prado |
| 348 | Ralph Loera |
| 349 | Randy Barr |
| 350 | Rani Awad |
| 351 | Raul Barboza |
| 352 | Ray Kong |
| 353 | Rebecca Roete |
| 354 | Renato Delgado, Jr. |
| 355 | Rey Pena |
| 356 | Ricardo Solis Bucio |
| 357 | Richard Arthur Hein |
| 358 | Richard Cobb |
| 359 | Richard De Los Santos |
| 360 | Richard Munoz |
| 361 | Richard Towers |
| 362 | Ricky J.Cardoza |
| 363 | Robert Arriola |
| 364 | Robert C. Villarreal, Jr |
| 365 | Robert E. Rodriguez |
| 366 | Robert F. Martin |
| 367 | Robert Holguin |
| 368 | Robert Jimenez |
| 369 | Robert Owen Rogers II |
| 370 | Robert R Graham |
| 371 | Robert Sherwood |
| 372 | Roberto Gonzalez Campos |
| 373 | Rocen Keeton |
| 374 | Roderick Marchand IV |
| 375 | Rodolfo R Arroyo |
| 376 | Rodrigo  Guardado |
| 377 | Roger Rydell |
| 378 | Roger Weber |
| 379 | Ronald Rael, Jr |
| 380 | Ruben Rivera |
| 381 | Ruben Romero |
| 382 | Rudy Flores |
| 383 | Russell C Engstrom |
| 384 | Russell Frame |
| 385 | Ryan Duchsherer |
| 386 | Ryan Engstrom |
| 387 | Ryan Gonzalez |
| 388 | Sabrina Soria |
| 389 | Salvador C. Gonzalez |
| 390 | Salvador Gomez |
| 391 | Salvador Rosales |
| 392 | Samuel A Falcon |

| No. | PAGA Settlement Member |
|-----|------------------------|
| 393 | Sandy L Weatherall |
| 394 | Santiago Barraza |
| 395 | Saul Lopez |
| 396 | Scott A. Murrie |
| 397 | Scott Martin |
| 398 | Scott Svec |
| 399 | Scott W Ericson |
| 400 | Scott Williams Medeiros |
| 401 | Sean Brown |
| 402 | Sean French |
| 403 | Sergio Alvarez |
| 404 | Sergio F Aguirre |
| 405 | Sergio M Flores Ramirez |
| 406 | Set Guerrero |
| 407 | Shammir Ruiz |
| 408 | Shane D Willden |
| 409 | Shawn Anderson |
| 410 | Shelly Sullivan |
| 411 | Silvia Valdovinos |
| 412 | Simon Castillo |
| 413 | Simon Goro |
| 414 | Sterling Usher |
| 415 | Stevan Ortiz |
| 416 | Steve Awrey |
| 417 | Steve Predmore |
| 418 | Steven Johnson |
| 419 | Steven R. Fernandez |
| 420 | Steven Sawicki |
| 421 | Stuart Detherage |
| 422 | Susan Romero |
| 423 | Sylvie Serrano |
| 424 | Takio Trumpf |
| 425 | Tania Salazar |
| 426 | Tatiana Zepeda |
| 427 | Taylor Baker |
| 428 | Terry Young |
| 429 | Thomas L. Farris |
| 430 | Tim Rosenthal |
| 431 | Timothy Campbell |
| 432 | Timothy Jacobus |
| 433 | Timothy R. Schmadeke |
| 434 | Tina Rogers |
| 435 | Tony Russell |
| 436 | Tracy Speights |
| 437 | Veronica Magana |
| 438 | Victor Castillo |
| 439 | Victor J. Asaro |
| 440 | Victor Robles |
| 441 | Victor Sevilla |
| 442 | Walid Iaali |
| 443 | William "Rocky" Lancaster |
| 444 | William Ailes |
| 445 | William C Richards |
| 446 | William Clark |
| 447 | William Valentine |