# EXHIBIT 3

# NICHOLAS & TOMASEVIC LLP

ATTORNEYS AT LAW

Tel: 619-325-0492  
Fax: 619-325-0496

225 Broadway, 19th Floor  
San Diego, CA 92101

November 27, 2017

**Via Certified Mail**  
**Return Receipt Requested**

Flowers Baking Co. of Henderson, LLC  
Flowers Baking Co of California, LLC  
Flowers Foods, Inc.  
c/o Ogletree Deakins  
Attorney Frank Tobin  
4370 La Jolla Village Drive, Ste. 990  
San Diego, CA 92122

**Via Online Submission**

Attn. PAGA Administrator  
455 Golden Gate Avenue, 9th Floor  
San Francisco, CA 94102

      **Re:**    *Goro, et al. v. Flowers Baking Co. of Henderson, LLC, et al.*

To Whom It May Concern:

    We represent Simon Goro, Tony Russell, Rey Pena, Jose Pena, Jeff Belander, and Giuseppi Zizzo ("Plaintiffs") in their potential Private Attorney General Act ("PAGA") action pursuant to Labor Code Section 2699, *et seq.* Plaintiffs bring this action against Flowers Baking Co. of Henderson, LLC, a Nevada limited liability company, Flowers Baking Co. of California, LLC, a California limited liability company, and Flowers Foods, Inc., a Georgia corporation (collectively, "Defendants" or "Flowers"). This letter constitutes Plaintiffs' written notice of Defendants' Labor Code violations pursuant to Labor Code Section 2699.3, and notice of their intent to recover penalties under PAGA. A copy of this letter is also being sent to Defendants.

    Flowers Foods is a corporation whose business consists of distributing baked goods to retail customers, using a centralized network of communication, distribution, and warehousing facilities. Some of Flower Food's bakeries and several of its warehouses are operated by Defendants Flowers Baking Co. of Henderson, LLC and Flowers Baking Co. of California, LLC. Flowers provides baked goods to customers at their respective locations. Flowers's business revolves around distributors to customers' locations. Flowers hired Plaintiffs as distributors, whom they unilaterally classified as independent contractors, to deliver and stock baked goods from their San Diego warehouses to their retail customers. Flowers jointly employed Plaintiffs as distributors in Southern California.

Re: *Goro, et al. v. Flowers Baking Co. of Henderson, LLC, et al.*
November 27, 2017
Page 2

_____

In 2013, Plaintiffs began their employment[1] with Defendants as "independent contractors" to provide distribution services. As an employee of Defendants, Plaintiffs were required to purchase their own vehicles. Defendants provided Plaintiffs with tools, such as crates, a hand-held computer, warehouse space, and other necessary equipment, in exchange for a mandatory fee that is automatically deducted from their wages. Plaintiffs also have to buy uniforms and other unreimbursed necessary business expenses such as gas and a cell phone, among other expenses.

Plaintiffs work approximately 7 days per week, for a total average of 60 to 70 hours per week. Work days typically began with reporting to the Flowers' warehouse to pick up baked goods that must be delivered to Flowers' customers that day. Plaintiffs are assigned by Defendants to a particular route with specific time windows for each customer. They are not allowed to take a day off without coverage or pass on unfavorable customers assigned to them.

Defendants' distributors are paid piece rate, for baked goods that are delivered and sold by Flowers' customers. Different baked goods are assigned different values. If for some reason the baked goods are not sold, no compensation is provided. In fact, only 15-20% of baked goods can remain unsold before Flowers charges its distributors with a "charge back" for stale goods. Charge-backs can be a result of a variety of things, including market demand, unordered products forced on distributors by Flowers, theft, and the like.

No compensation is received for "non-productive" time, the time during which distributors are not directly engaged in completing a compensable service. This includes time spent at the warehouse, time spent traveling between Flowers's customers' locations, time spent completing paperwork and placing orders, time spent at customers' locations that ultimately do not result in sales, and the like. No paid rest breaks are provided, nor is compensation in lieu provided. Likewise, Defendants made no arrangements for uninterrupted, off-duty rest and meal periods and do not provide compensation in lieu. Distributors are expected to work seven days a week and answer their cell phones when Defendants make inquiries.

Defendants do not provide premium pay for overtime hours worked during a particular day or week. Likewise, they do not reimburse for the above-mentioned business expenses suffered by their distributors. Furthermore, the wage statements issued by Defendants to distributors do not

---

[1] Although Plaintiffs and Flowers signed distributor agreements, it is clear they are employees of Flowers. Defendants closely controlled the routes, prices, schedules, advertising, ability to generate a profit, and work performed by "independent contractors," aka "distributors." Furthermore, Defendants supplied certain equipment necessary to perform distributor duties; are in the business of distributing baked goods; had an unlimited right to end the relationship with distributors; contracted with individuals who exclusively work for Defendants; did not require specialized education or training of distributors; and contract with distributors over a long period of time. (See CACI 3704.)

Re: *Goro, et al. v. Flowers Baking Co. of Henderson, LLC, et al.*
November 27, 2017
Page 3

_____

contain necessary elements such as accurate documentation of hours worked, wage rate applied, hours of compensable rest and recovery periods, and total hours of nonproductive time along with the rate of compensation.

As a result of the above-mentioned practices, Defendants do not provide all wages when due to their employees. The obligation to pay for all hours worked is mandated by Labor Code Sections 1182.12, 1194, 1194.2, and 1197. Labor Code Section 226.2 specifically sets forth this requirement in the context of piece rate employees. It requires employers to pay piece rate employees separately for nonproductive time and rest breaks. Defendants failed to compensate Plaintiffs and similarly situated employees for all hours worked. They do not pay for nonproductive time and do not pay for rest breaks.

Meal and rest break obligations along with payment in lieu options are presented in Labor Code Sections 226.7 and 512, as well as applicable Industrial Welfare Commission Wage Orders ("Wage Orders"). As noted above, Defendants do not pay for or provide periods for off-duty rest and meal breaks.

Overtime requirements are set forth in Labor Code Section 510. Defendants make no effort to compensate distributors for hours in excess of 8 in a day, 40 in a week, or on the 7th day in a row as required by law.

The obligation to reimburse employees for reasonable and necessary business expenses is set forth in Labor Code Section 2802. The multitude of expenses Defendants fail to reimburse Plaintiffs and similarly situated employees for are set forth above.

Labor Code Sections 226 and 226.2 set forth the applicable wage statement requirements. Defendants do not provide sufficient information to their employees under these provisions.

Deductions for mistakes or other non-malicious conduct by employees are prohibited by Labor Code Sections 221, 223, and 224 as well as Wage Orders and prevailing California case law. (See, *e.g., Kerr's Catering Service v. Department of Industrial Relations* (1962) 57 Cal.2d 319.) Defendants' deductions, as described above, are illegal.

The obligation to pay all wages when due is presented in Labor Code Sections 202 and 203. The above-mentioned failures to pay wages mean Defendants do not provide all wages when due to Plaintiffs and similarly situated employees.

Defendants' above mentioned violations, among others, implicate numerous other Labor Code sections, including, but not limited to, the following: Labor Code Sections 201, 202, 203, 210, 216, 225.5, 226, 226.3, 226.7, 510, 512, 558, 1174, 1194, 1194.2, 1198, 1199, 2802, and 2698.

Accordingly, on behalf of themselves and as representatives of Defendants' current and former distributor employees, Plaintiffs respectfully requests that the Labor and Workforce

Re: *Goro, et al. v. Flowers Baking Co. of Henderson, LLC, et al.*
November 27, 2017
Page 4
_____

Development Agency ("LWDA") initiate investigation with respect to the aforementioned violations. If the LWDA declines to pursue enforcement, Plaintiffs will pursue these claims on behalf of themselves and all other current and former distributor employees.

      Thank you for consideration of this matter. If you have any questions or comments, please do not hesitate to contact us at any time.

                                                Sincerely,

                                                Lacy Wells